Nov. Term,
1836.

NIXON
v.
BROWN.

---

## NIXON *v.* BROWN.

In an action for crim. con., it was held that the solemnization of the plaintiff's marriage might be proved by a witness, who was present at the ceremony.

Whether, if the marriage was solemnized in another state by a justice of the peace, it should be proved that, by the laws of such state, a justice was authorised to perform the ceremony,—*quære.*

That the plaintiff has failed to prove a material point in his case, is an objection not to be made until the examination of his testimony is closed. If it then appear, that any proof indispensable to the maintenance of the suit has not been produced, the Court may instruct the jury that the plaintiff cannot recover.

If a passage in a law-book of another country be not law in this state, it ought not to be read to the jury.

APPEAL from the *Wayne* Circuit Court.

*Monday,
November 28.*

BLACKFORD, J.—This was an action of trespass brought by *Brown* against *Nixon*, for criminal conversation with the plaintiff's wife. Plea, not guilty. Verdict and judgment for the plaintiff below.

It appears by a bill of exceptions, that the plaintiff below offered to prove his marriage by a witness who was present at the ceremony, which was performed by a justice of the peace in *Guilford* county, *North-Carolina*, and to prove also, by the same witness, that the justice was in the habit of solemnizing marriages in that county, but without offering to prove that, by the laws of *North-Carolina*, a justice was authorised to solemnize marriages. The witness was objected to, but the objection was overruled. The bill of exceptions then states, that this being all the evidence offered in regard to the marriage, the defendant objected to it as insufficient, but the Court overruled the objection.

The objection made to this testimony was correctly overruled. Admitting that the fact of marriage could not be established, without proof of the law of *North-Carolina* on the subject, still the witness introduced was admissible, and his testimony could not be overruled. The plaintiff was not obliged, at that particular moment, to show that the ceremony which he was proving, was authorised by the laws of *North-Carolina*. He had a right to do that at any time previously to closing the examination of his testimony. A party cannot be required to produce, at the same time, all his evidence in support of any one part of his action or defence. The testimony objected to, if not sufficient of itself to prove a legal marriage, conduced to prove such a marriage, and was consequently admissible. The defendant could not, at that stage of the cause, say that the evidence introduced was insufficient. The question of its sufficiency could not then be inquired into. The *admissibility* of the evidence, not its *sufficiency*, was all the Court had before it to decide; and that point was correctly decided. Roscoe on Evidence, 62.

It may be, that after this bill of exceptions was signed, the laws of *North-Carolina*, authorising the ceremony in question, were proved to the satisfaction of the Court and jury ; and, if such proof was necessary to sustain the verdict, we are bound to presume that it was produced,—the record not showing the contrary.

That the plaintiff had failed to prove a material point in his case, was an objection not to be made until he had closed the examination of his testimony. If at that time, no evidence of the law referred to had been given, and its proof was indispensable to the maintenance of the suit, the defendant might then have required the Court to instruct the jury, that the plaintiff could not recover.

The case, as it stands, does not present the question, whether the law of *North-Carolina* should have been proved or not. The only question relative to the plaintiff's marriage, decided by the Circuit Court, and which we are now called on to decide, is, whether the plaintiff below was bound to prove the law at the time the defendant required its production? That question is answered in the negative.

The proceedings are also objected to, because the Circuit Court refused to permit the defendant to read to the jury some

passages from certain law-books written in *England*. Without looking into this subject any further, it is sufficient to observe that the record does not show what the passages proposed to be read were, and we must presume in favour of the judgment, that they were not law in this state, and of course should not be read.

There is one other point mentioned in the record, but it is not insisted on by the appellant and is clearly untenable.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.   To be certified, &c.

*M. M. Ray* and *J. Perry*, for the appellant.

*J. Rariden* and *J. S. Newman*, for the appellee.