May Term,
1859.

BREEDLOVE
v.
THE MAR-
TINSVILLE,
&c.,
RAILRO'D CO.

BREEDLOVE *v.* THE MARTINSVILLE AND FRANKLIN RAIL-
ROAD COMPANY.

Assumpsit by a railroad company on a subscription of stock. Trial upon the
general issue. The plaintiffs proved by their secretary that certain books
had come into his possession from his predecessor, as books of the com-
pany, one of which purported to contain subscriptions to their capital stock,
and another, to contain their proceedings. Certain entries in these books
were admitted in evidence. The subscription-book contained resolutions of
the directors, fixing the amount of a share, the terms, &c. To these, the
declaration averred that the defendant placed his signature, with the num-
ber of shares he desired. The resolutions were specially set forth in the
declaration.

*Held,* 1. That the proof of the identity of the instrument offered in evidence,
with that declared on, was sufficient, if, indeed, such proof was at all neces-
sary.

2. That under the issue, proof of the execution of the instrument was not
necessary.

3. That under the decision in *Judah* v. *The American Live Stock Ins. Co.,* 4
Ind. R. 333, the admission of the extracts from the books of the company
was not error.

The terms of payment contained in the resolutions subscribed were, that one
dollar be paid in hand on each share, at the time of subscribing, and that
10 per cent. on each share be paid every sixty days after the work shall be
put under contract. The work was put under contract in 1850; but there
was no evidence that the defendant had notice of that fact, nor that any
call had been made for the payment of installments, or payment demanded,
though the declaration alleged such demand. *Held,* that such notice was
not necessary.

*Thursday,*
*May 26.*

APPEAL from the *Morgan* Circuit Court.

HANNA, J.—This was a suit by the appellees against the
appellant, on a subscription of stock. It was an action of
assumpsit, and tried upon the general issue, under the old
form of pleading and practice. Judgment for the plaintiffs.

Upon the trial, the plaintiffs proved by their then secre-
tary, that certain books had come into his possession from
his predecessor, as books of the company, to-wit, one pur-
porting to contain subscriptions to the capital stock of
said company, and one containing the proceedings thereof.
Certain entries in said books, offered in evidence, were ad-
mitted over the objection of the defendant.

This ruling raises the first question.

The subscription-book, as it is called in the record, con-

tained resolutions of the acting board of directors, fixing the amount of a share, terms, &c. To this, it is averred, the appellant, among others, placed his signature, with the number of shares he desired opposite. These resolutions, &c., are specially set forth in the declaration. The plea is not verified by oath.

If any proof was necessary of the identity of the instrument offered in evidence with that declared on, we think that made was sufficient. Proof of the execution of the instrument was not necessary, under the issue. R. S. 1843, p. 711, § 216.

As to the admission of the extracts from the record of the proceedings of the board of directors, in reference to the organization of the corporation, no objection thereto has been pointed out, and, even if such evidence was necessary to the issue, still, under the decision in the case of *Judah* v. *The American Live Stock Ins. Co.*, 4 Ind. R. 333, we do not perceive any error in the rulings of the Court upon that point. *Wright* v. *Selby*, 16 B. Mon. 5.—Redf. on Railw. 85.—Ang. and Ames on Corp. §§ 633, 635.

*Secondly.* It is alleged that the Court erred in finding for the plaintiffs upon the evidence given.

The evidence is in the record, and this general assignment was sufficient, at the time it was made, to require us to look into that evidence.

The terms of payment, as contained in the resolutions subscribed, were, among other things, that "the sum of one dollar be paid in hand on each share, at the time of subscribing, and that ten per cent. on each share be paid every sixty days after the work shall be put under contract by the proper board."

There was evidence that said work was put under contract "as early as *July*, 1850;" but there was no evidence of notice having been given to the appellant of that fact, nor that any call had been made for the payment of installments, or demand of payment from defendant, although such a demand is specially averred in the declaration.

The suit was commenced in *February*, 1852.

May Term, 1859.

Was the evidence upon the part of the plaintiffs sufficient?

It is said by this Court, in the case of *Ross* v. *The Lafayette, &c., Railroad Co.*, 6 Ind. R. 298, that the question of notice was to be determined upon the contract of subscription sued on; and in that case, the undertaking was to pay "at such times and places as shall hereafter be directed by the directors of said company." The Court finally concluded that where the agreement by the subscribers was "to pay their subscription at such times as the directors shall fix, without stipulating for notice, we think that suit may be maintained without it." That decision appears to be cited with approbation in Redfield on Railways, p. 81, and followed in *Johnson* v. *The Crawfordsville, &c., Railroad Co.*, 11 Ind. R. 284.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*G. G. Dunn*, for the appellant.

*W. R. Harrison, L. Barbour*, and *A. G. Porter*, for the appellees.