PORTER *v.* MILLARD.[1]

Where there is a total absence of evidence on a point essential to the maintenance of the action, it is not error for the Court to instruct the jury that the law is with the defendant, and that they should find for him.

APPEAL from the *Carroll* Common Pleas.

WORDEN, J.—Action by *Millard* against *Porter*, on a promissory note. Verdict and judgment for the plaintiff.

The case has once before been in this Court, and was decided at the *May* term, 1860, though it does not, from oversight, we suppose, appear in the 14th volume of Reports.

On the trial, the Court gave the jury the following charge: "In this case there is no evidence tending to prove a failure or want of consideration in the original twelve hundred dollar note referred to in the second paragraph of the defendant's answer, or fraud in its execution, against the plaintiff. You must find for the plaintiff."

We have examined the evidence carefully, and are of opinion, with the Court below, that there was no evidence before the jury tending to prove either the want of consideration, or the supposed fraud.

In *Crookshank* v. *Kellogg*, 8 Blackf. 256, it was held, that "where there is any evidence, however slight, tending to prove any fact essential to the maintaining of the suit, (or defence) the question as to the sufficiency of the evidence to establish that fact, is for the jury, and not for the Court. But if there be no evidence at all tending to prove such fact, it is the duty of the Court to instruct the jury that the law is with the defendant, (or plaintiff) and that they should find for him, and a refusal by the Court to perform that duty is error."

We are of opinion, in view of the evidence, that the instruction was correct.

It is claimed that the Court erred in rejecting evidence of

an act of the Legislature "authorizing the extension of the *Newcastle and Richmond Railroad Company.*" This was rejected on the ground of irrelevancy. We do not perceive the relevancy of the testimony offered, and incline to the opinion that the ruling was correct. It is also insisted that the Court erred in suppressing parts of certain depositions. We need not examine the correctness of the ruling, as this was not made one of the grounds of the motion for a new trial.

We perceive no error in the record for which the judgment should be reversed.

*Per Curiam.*—The judgment below is affirmed, with costs, and 1 per cent. damages.

*Z. Baird, L. B. Simms, J. E. McDonald* and *A. L. Roache,* for the appellant.

*Robert Jones* and *S. A. Huff,* for the appellee.