## Steinmetz *v.* Wingate.

PRACTICE.—*Motion to Reject Pleading.*—In an action on an account, commenced before a justice of the peace, there was an answer in two paragraphs, of which one was a general denial.  A motion to reject the whole answer for insufficiency thereof, filed by the plaintiff, in such a form as to be inseverable, was overruled.

*Held,* that this ruling was not erroneous.

SAME.—*Evidence.*—*Instruction to Find Against Plaintiff.*—Where a demurrer to the evidence would be sustained, the court may instruct the jury to find against the plaintiff.    Accordingly, where the plaintiff has introduced his evidence and rested, and the evidence introduced does not tend to prove the plaintiff's cause of action, the court may refuse to hear evidence offered by the defendant, and direct the jury to find against the plaintiff.

APPEAL from the Ripley Circuit Court.

OSBORN, C. J.—This action was commemced before a justice of the peace, in which the appellant sought to recover on the following account:

" William C. Wingate, to Anthony Steinmetz, Dr.

| | |
|---|---|
| To money had and received to the use of Steinmetz, | $20.00 |
| Interest, - - - - - - - - | 1.05 |
| | $21.05 |

The appellee filed an answer of two paragraphs; one,

the general denial; the other, an affirmative answer, in bar of the action. The appellant filed a written motion to reject the whole answer, for the reason that it was insufficient to constitute a defence, and because it was irrelevant, insufficient, and immaterial. Without disposing of that motion, the justice tried the cause, and found for the appellee, and rendered judgment against the appellant.

An appeal was taken to the circuit court, where the motion to reject the answer was renewed and overruled. The cause was tried by a jury, resulting in a verdict for the appellee, and, over a motion for a new trial, judgment was rendered on the finding against the appellant for costs. Proper exceptions were taken to the different rulings of the court.

It will be unnecessary to set out the causes for a new trial.

The errors assigned are, in overruling the motion to reject the answer, and in overruling the motion for a new trial.

There was no error in overruling the motion to reject the answer. It went to the whole answer, including the general denial, and was in such a form as to make it inseparable.

A bill of exceptions is in the record. It contains all the evidence in the case. It also informs us that the appellant introduced his evidence and rested. The appellee was sworn in his own behalf, and while he was testifying, the court, of its own motion, stopped the further examination of witnesses, and gave the following charge:

" Gentlemen of the jury, there being no evidence to sustain this action, you will find for the defendant." The language of the bill of exceptions, following the charge, is as follows: " To all of which plaintiff at the time excepted."

We have examined the evidence, and are of the opinion that there was no evidence before the jury tending to prove the plaintiff's cause of action, and he could not introduce any more evidence in chief, without special permission. In such case, the court may refuse to hear evidence offered by

the defendant, and charge the jury to find against the plaintiff.   *Nixon* v. *Brown*, 4 Blackf. 157 ; *Porter* v. *Millard*, 18 Ind. 502.   Where a demurrer to the evidence would be sustained, the court may instruct the jury to find against the plaintiff.   *The Governor* v. *Shelby*, 2 Blackf. 26.

In the case at bar there was an absolute deficiency in the testimony, which could not be supplied by intendment or inference.

The judgment of the said Ripley Circuit Court is affirmed, with costs.

*G. Durbin,* for appellant.