## THE RISING SUN AND HARTFORD TURNPIKE CO. *v.* HAMILTON.

TURNPIKE COMPANY.—*Pleading.*—In proceedings to condemn lands for the use of a turnpike, the complaint must show over what particular part or parts of the sections the road is located, so that the land to be condemned can be ascertained and described in the judgment without extrinsic evidence.

From the Dearborn Circuit Court.

*S. R. Downey, J. K. Thompson,* and *D. T. Downey,* for appellant.

WORDEN, J.—This was a proceeding by the appellant against the appellee, to condemn certain land of the appellee for the use of the appellant's turnpike.

The proceedings were had under the provisions of the seventh section of the act of 1852, authorizing the construction of plank, etc., roads. 1 G. & H. 475. The proceeding was instituted before a justice of the peace of Ohio county. Notice was given to the justice as required by the section of the statute above mentioned, and a summons duly issued and served upon the defendant.

The plaintiff filed before the justice the following complaint, viz. :

"The R. S. & H. T. Co. } Before James Hemphill, Esq.,
        *v.*               } Justice of the Peace.
Charles E. Hamilton.    }

"The Rising Sun and Hartford Turnpike Co. complains of Charles E. Hamilton, and says that the defendant is the owner of certain lands lying in the county of Ohio, and State of Indiana, described as follows, to wit: Part of sections thirty-two and thirty-one, in township four, range one west; that the plaintiff has located her turnpike upon said land, being of (the) width of twenty feet; that said Hamilton refuses to relinquish the right of way of said land upon which her turnpike is located, as aforesaid; wherefore she prays that the damages that would result to said Hamilton from her appropriation of said land, for the construction of her said turnpike, be assessed as provided by law."

Three disinterested persons were summoned to assess the damages, who returned an assessment of the sum of three hundred dollars. From this assessment, the plaintiff appealed to the Ohio Circuit Court, as provided for in the section of the statute above cited.

On motion of Hamilton, the venue was changed to the county of Dearborn.

In the latter court, by agreement of the parties, three persons were appointed as assessors of the damages, who returned their assessment at the sum of two hundred and thirteen dollars.

Hamilton moved for a new trial, but his motion was overruled. He then moved in arrest of judgment, and this motion was sustained, on the sole ground, as a bill of exceptions states, that the complaint and record in the cause did not contain a sufficiently definite description of the real estate of which condemnation was asked.

Exception was taken to the ruling, and error is assigned upon it.

The statute under which the proceedings were had provides (sec. 1), that the articles of association shall set forth the "line

of the route, and the place to and from which it is proposed to construct the road."

In the case of *The Western Plank-Road Co.* v. *Stockton*, 7 Ind. 500, it was held that it was not contemplated that, in designating the line of route and *termini* in the articles, the company should be limited to a precise line.

The fourth section of the statute provides that the directors of the company shall proceed to locate and lay out the road, etc. This would seem to be required to be done after the organization is effected.

The seventh section provides, that "in all cases where any person through whose land said road shall run, shall refuse to relinquish the same, or where a contract between the parties cannot be made for the land," proceedings may be had as therein provided for. Neither this nor any other section of the statute requires, in terms, that a specific description shall be given of the land to be condemned. In this the statute differs from that on the subject of the appropriation of land for railroads. The latter statute requires the railroad corporations " to deposit with the clerk of the circuit or other court of record of the county where the land lies, a description of the rights and interests intended to be appropriated." 1 G. & H. 509, sec. 15.

It is alleged in the complaint herein, that the company has located her turnpike upon the land, giving the sections, township, and range thereof, and the width of the strip appropriated. But it does not appear from the complaint, or otherwise, over what particular part or parts of the sections the road is located; hence a judgment could not be rendered condemning any particular land for the use of the road.

A judgment for the condemnation of land for the use of a turnpike company should, undoubtedly, describe the land condemned so that it may be ascertained and identified without resort to parol evidence. For analogous cases, see *Munger* v. *Green*, 20 Ind. 38; *The Eel River Draining Association* v. *Topp*, 16 Ind. 242; *Howell* v. *Zerbee*, 26 Ind. 214; *Farmer* v. *Pauley*, *post*, p. 583.

If a judgment had been rendered in this case condemning the land on which the road was located, over the sections mentioned, still the land condemned could not have been ascertained without extrinsic evidence showing where or over what part of the sections the road was, in point of fact, located. We are of opinion, therefore, that the court committed no error in arresting the judgment.

The judgment below is affirmed, with costs.