## BECKNER ET AL. *v.* THE RIVERSIDE AND BATTLE GROUND TURNPIKE CO.

PRACTICE.—*Demurrer Waived by Pleading.*—A demurrer to a complaint is waived by answering without requiring a decision on the demurrer.

TURNPIKE COMPANY.—*Complaint for Stock Subscription. — Averment that Subscription is Due.—Notice by Publication.—Demand.— Cured by Verdict.*—In an action by a turnpike company, to collect stock subscribed to it by the defendants and payable " in such instalments, and at such times, as the company may direct," the complaint alleged that the company ordered "that the subscription" should be paid "in three equal instalments, in thirty, sixty and ninety days from June 1st, 1872," and that " said plaintiff demanded payment of " such subscription " of said defendants, on the 1st day of April, 1874, with which demand said defendants refused to comply. Wherefore," etc.

*Held*, on assignment questioning the sufficiency of the complaint, that its averments sufficiently allege the subscription to be due and unpaid, and that it was not necessary to allege either demand, or the publication required by section 11, 1 R. S. 1876, p. 658.

SAME.—*Defence.—Alteration of Route.—Statutes Construed.*—An answer in such action alleged, that, after the signing of the company's articles of association, the company had altered the line of its road specified in such articles, between the *termini*.

*Held*, on demurrer, that the company had power to change the route of their road to avoid obstacles and obtain the best route, except as to its *termini* and general direction, and that, therefore, the answer is insufficient.

SAME.—*Construction of Written Evidence.—Instruction to find for a Party named.*—The only evidence given on the trial of such cause by the plaintiff being contained in written instruments fixing a *prima facie* liability

Beckner *et al. v.* The Riverside and Battle Ground Turnpike Co.

on the defendants, and they having introduced no evidence tending to prove a defence, it was not erroneous to instruct the jury to " find for the plaintiff, for the amount of the subscription, less. any payments which may be proven, because the variations proven are immaterial."

From the Tippecanoe Circuit Court.

*J. M. Larue, F. B. Everett* and *E. A. Greenlee,* for appellants.

*J. A. Wilstach* and *J. A. Stein,* for appellee.

BIDDLE, J.—Complaint, by appellee, against the appellants, to collect a stock subscription.

Demurrer to the complaint for want of facts; but, before the demurrer was decided, the appellants answered :

1. By a general denial;

2 and 3. Special paragraphs.

Demurrer for want of facts, to the second paragraph of answer, sustained, and demurrer for want of facts, to third paragraph, overruled.

Reply to third paragraph. Trial by jury, and verdict for appellee. By a motion for a new trial and assignments of error, the appellants have presented four questions for our consideration :

1. The overruling of the demurrer to the second paragraph of answer;

2. The sufficiency of the complaint;

3. The propriety of giving a certain instruction to the jury; and,

4. The sufficiency of the evidence to support the verdict.

1. Being in the proper order, we first examine the sufficiency of the complaint. By answering, the appellants waived their decision on the demurrer to the complaint; but, by an assignment of error, they have presented the question of its sufficiency in this court. The principal objection taken to the complaint is, that it contains no allegation that the stock was due and unpaid. The allegation of non-payment in the complaint is as follows: " Said

plaintiff demanded payment of said $400 of the defendants, on the 1st day of April, 1874, with which demand said defendants refused to comply; wherefore," etc. In the case of *Higert* v. *The Trustees of Indiana Asbury University*, 53 Ind. 326, it was held, in a complaint upon a subscription of money to the building fund of a college, that the words, "though often requested, the defendant has failed and refused, and still fails and refuses, to pay the same, or any part thereof," were equivalent to an allegation that the money "remains unpaid," and were sufficient; and we think the breach of non-payment in this may be held good after verdict.

It is also objected to the complaint, that it contains no averment of a publication in a newspaper, thirty days previous to the time when the payment of stock was required, according to sec. 11, 1 R. S. 1876, p. 658. Such averment is necessary only when the stock is not payable at a fixed time, or not upon a given contingency, as upon call by the directors. In this case, the undertaking of the appellants was, to pay "in such instalments, and at such times, as the company may direct;" with an averment in the complaint, that the company had "ordered that the subscription of stock be paid to the treasurer in three equal instalments, in thirty, sixty and ninety days from June 1st, 1872."

The money thus became due, according to the terms of the call, which the stockholders were bound to notice, without either publication or demand made. *Ross* v. *The Lafayette and Indianapolis R. R. Co.*, 6 Ind. 297; *The New Albany, etc., R. R. Co.* v. *McCormick*, 10 Ind. 499; *Breedlove* v. *The Martinsville and Franklin R. R. Co.*, 12 Ind. 114; *Heaston* v. *The Cincinnati and Fort Wayne R. R. Co.*, 16 Ind. 275; *Haun* v. *The Mulberry and Jefferson Gravel Road Co.*, 33 Ind. 103; *Estell* v. *The Knightstown and Middletown Turnpike Co.*, 41 Ind. 174; *Miller* v. *The Wild Cat Gravel Road Co.*, 52 Ind. 51.

2. Overruling the demurrer to the second paragraph of answer, which may be stated, substantially, as follows :

After admitting the subscription for stock, as alleged in the complaint, the defendants averred :

That the sole consideration for the subscription was, that said road should be constructed on the line described in the articles of association ; that, on said line and by said route, all of the points to be touched were what are known as Scott's mill and the mill-race connected with said mill, by which route said road would have passed contiguously certain lands owned by the defendants, and would have greatly benefited the defendants, by enhancing the value thereof; but that, subsequent to signing the articles of association, and subsequent to the subscription by the defendants of the stock, said company, over the protest of the defendants, changed the line and route of said road from the line and route described in said articles of association, and constructed said road so as to pass a quarter of a mile north of said mill-race and through the lands of said defendants, and thereby said road became and is an injury and damage to said defendants, instead of a benefit. Wherefore, etc.

In considering the sufficiency of this paragraph of answer, the question as to whether, and how far, a company may subsequently change its line of road from that described in the articles of association, becomes material. By section 1 of the act of May 12th, 1852, 1 R. S. 1876, p. 650, the articles of association must state " the line of the route, and the place to and from which it is proposed to construct the road." * * * Section 4 enacts, that " The directors of said company shall proceed to locate and lay out said road." * * * This would seem to contemplate a discretion in the directors in selecting the line and route between the *termini* of the road. At least, it is clear that it is not necessary to fix the exact line and

route between the *termini* named in the articles of association, or the act would not have provided afterwards, that the directors should "proceed to locate and lay out said road;" for, if it was necessary to fix the exact line and route in the articles of association, the road would already have been laid out and located. By section 15 of the same act, it is provided that "The company may change the line of its road whenever it may deem it of public importance and for the improvement of the road, but shall not avoid the points mentioned in their articles of association." By the third clause of section 1 of the act of June 9th, 1852, 1 R. S. 1876, p. 664, which is a later act, it is provided that, "Where a certain line or route is designated in the charter, the same may be varied from, to avoid hills or other obstacles and to obtain the best route: *Provided,* That nothing herein contained shall be so construed as to authorize the change of the terminus of the road or their general direction." It is observable that in this, the later expression of the legislative will, the corporation is not required to adhere to the points of the road described in its articles of association, and is restricted only to the *termini* of the road and its general direction. We think the fair construction of these several enactments, when taken together, authorizes the corporation to change the line and route of its road, to avoid obstacles and obtain the best route, at its discretion, except as to the general direction and the *termini* of the road, which may not be abandoned. If this view be correct, it is plain that the facts stated in the second paragraph of the answer do not constitute a defence to the cause of action stated in the complaint. *The Western Plank Road Co.* v. *Stockton,* 7 Ind. 500; *Steinmetz* v. *The Versailles and Osgood Turnpike Co.,* 57 Ind. 457.

3. At the trial, the court instructed the jury as follows:

" Gentlemen of the jury : Under the evidence before you, you should find for the plaintiff for the amount of the subscription, less any payments which may be proven, because, in my opinion, the variations proven are immaterial, and can not affect the right of plaintiff to recover."

This was the only instruction given to the jury.

This instruction, if given as applicable to the evidence from which the jury were required to find the facts proved in the case, would have been wrong ; but if given as applicable to facts stated in written instruments, or as to the legal effect of facts not in dispute, it would not be erroneous. It is within the power, and is the duty, of the court to construe written instruments and instruct the jury as to their legal effect, and to judge whether there is any evidence before the jury tending to prove a fact in the case; and, when there is no evidence before a jury tending to prove such fact, it is the right of the court to so instruct the jury. But, when there is evidence before the jury tending to prove a fact in the case, the court has no right to instruct them what it proves, or does not prove, nor as to its weight. The evidence in this case is in the record. We have examined it carefully, and are unable to find any that tends to prove a defence to the subscription of stock sued for in the complaint. The evidence which made the appellants liable on their subscription was contained in written instruments, and was all before the jury; and, there being no evidence tending to prove a defence, the court did not err in giving the instruction complained of. *Hynds* v. *Hays*, 25 Ind. 31 ; *Steinmetz* v. *Wingate*, 42 Ind. 574 ; *Dodge* v. *Gaylord*, 53 Ind. 365 ; *Moss* v. *The Witness Printing Co.*, 64 Ind. 125.

4. It sufficiently appears already, that, in our opinion, the evidence sustains the verdict. This question, therefore, need not be any farther examined.

The judgment is affirmed, at the costs of the appellant, with five per cent. damages.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.