GEORGE HAZZARD ET AL. *v.* THE CITIZENS' STATE BANK OF NEW CASTLE, INDIANA.

1. *Recourse of the Indorsee of a Promissory Note ana Mortgage against the Indorser for a Loss by Usury.*—Where the maker of a promissory note secured by mortgage sets up the plea of usury, successfully, in an action by an indorsee to foreclose the mortgage and obtain a personal judgment on the note, the indorsee may recover the loss from the indorser, in a subsequent suit.

2. *Notice to the Indorser.*—In such case, if the indorser is notified of the pendency of the first suit, and of the plea of usury set up therein, the subsequent action against him for the loss may be brought without further notice of the result in the first suit.

3. *Directing a Verdict.*—Where uncontradicted evidence clearly makes out a plaintiff's case, the court may properly direct the jury to find for him.

Filed March 6, 1881.

Appeal from Henry.

Opinion of the court by Mr. Justice Worden.

Robert B. Carr made a promissory note payable to the order of Hazzard, Murphey & Co., for the sum of $3,000, and the payees endorsed it to the Citizen's State Bank of New Castle, Indiana. The bank sued Carr upon the note, and the latter successfully pleaded usury to a part of the note.

This action was brought by the bank against Hazzard, Murphey & Co. to recover from Carr, on the ground of the usury. The facts, we think, are sufficiently alleged in the complaint, to which a demurrer for want of sufficient facts was overruled.

Issues were joined, and the cause was tried by a jury, resulting in a verdict and judgment for the plaintiff against Hazzard and Murphey.

The suit by the bank against Carr was brought in the Henry Circuit Court as well to obtain a personal judgment against him on the note as to foreclose a mortgage, executed by him on certain real estate to secure the payment of it.

It is alleged in the complaint herein that in the action against Carr he pleaded the usury, etc., upon which issue was thereupon joined by the plaintiff, and thereupon the plaintiff notified said defendants of the pendency of said action on said note, and of said plea the subject-matter thereof, and demanded and requested of them that they appear at the trial of said

cause and furnish the evidence with which to defeat the plea, this plaintiff being then wholly ignorant of the facts connected therewith; that the defendants and each of them failed and refused to appear at the trial of said action or furnish any evidence upon said defense so as to defeat the same, etc.

But it is claimed that the complaint is bad, because " it is not alleged therein that the defendants had any notice or knowledge prior to the bringing of this action of the result of the suit against the maker of the note, or that the collection of said note had been defeated by said Carr in said suit; nor is it averred in said complaint that the plaintiff had demanded of the defendant the payment of said sum, etc., before the bringing of this suit; nor is it alleged in the complaint that said sum was due or unpaid."

We are not advised that any notice to the defendants of the result of the action against Carr, or any demand upon the defendants before the bringing of this action was necessary. No authorities are cited to sustain the objection. The defendants were notified of the pendency of the action against Carr, and of the defense pleaded by him, and it seems to us that a notice to them of the result of the action would be superfluous. Nor do we see any necessity for a demand before bringing the action.

It is averred that "said note has long since become due and is unpaid." This is sufficient in that respect.

On the trial of the cause the plaintiff gave in evidence the record of the action against Carr, in which the usury pleaded by him was established by the special finding and judgment of the court.

That cause was tried at the February term of the court in the year 1877, but if the record shows what day of the term we have overlooked it.

A subpœna in the cause, however, was returnable March 2, 1877, and we may assume that that was the day on which the cause was tried.

The plaintiff having given the proper notice to produce the original letter sent by D. W. Kinsey, to the defendant, Murphey, introduced Kinsey as a witness, and proved by him as follows: "Was cashier of the Citizen's State Bank in February, 1877.

This letter is an impression copy of the letter I wrote, made at the time it was written by a letter press. I put the letter in the office addressed to W. C. Murphey, in an envelope marked 're-turn if not called for in ten days.' I at that time knew that Murphey resided at Crown Point, and he has ever since lived there."

The copy of the letter was then given in evidence, as follows:

"CITIZEN'S STATE BANK,
"NEWCASTLE, IND., February 26, 1877.

"WM. C. MURPHEY, Crown Point:

"Yours 24th received. Mr. Carr is pleading usury in the note sued on by this bank and assigned to us by Hazzard, Murphey & Co. He is also pleading want of consideration in the original loan. We shall expect you to be present at the trial, and be bound by the decision of the court in said cause. You will please attend to the matter.

"Respectfully,
"D. W. KINSEY, *Cashier.*"

Kinsey further testified:

"The original letter was written on paper with letter head, with the date printed with blanks and not filled. The date was in fact February 6th, 1877. The mail goes direct from New Castle to Crown Point daily. I saw Mr. Hazzard before the trial of this (that) cause. I told him of the answer being filed in the cause by Mr. Carr; he said the answer was untrue. I told him he knew best, and that we would expect him to be present and defend it, and we expected him to be bound by the decision of the court that might be rendered in the case; * * * he lived in New Castle."

It appears from the evidence of Murphey that he got the letter from Kinsey, and in response wrote to Kinsey to have the case continued, as he could not leave his business.

Some of the evidence thus given was objected to by the defendants, but we think it was competent.

The above are the controlling facts in the case, in relation to which there was no conflict in the evidence, and on which the

court instructed the jury, in substance, to find for the plaintiff against Hazzard and Murphey.

We are of opinion that on the uncontroverted facts shown the plaintiff was entitled to judgment against Hazzard and Murphey, and that the court did not err in its charge. Both Hazzard and Murphey had reasonable notice before the trial of the case against Carr of the defense set up by him, and that the plaintiff expected them to be bound by the judgment. They had an opportunity to resist the claim of usury set up by Carr, and are bound by the judgment rendered in that case. They are, therefore, liable to the plaintiff for that portion of the note which was defeated by Carr on the ground of usury.

Where the evidence clearly makes out a case for the plaintiff, and there is no evidence to contradict it, or establish a defense, it is entirely proper for the court to instruct the jury to find for the plaintiff. *Porter* v. *Millard*, 18 Ind., 502 : *Steinmetz* v. *Wingate*, 42 Ind., 574; *Dodge* v. *Gaylord*, 53 Ind., 365; *Moss* v. *The Witness Printing Co.*, 64 Ind. 125.

The judgment below is affirmed with costs.