The Indianapolis, Eel River and Southwestern Railroad Co. *v.* Hyde.

No. 14,509.

THE INDIANAPOLIS, EEL RIVER AND SOUTHWESTERN
RAILROAD COMPANY *v.* HYDE.

CORPORATION.—*Complaint.*—*Plea in Abatement.*—*Insufficiency of.*—*Pleading.*— The complaint in this case alleged that the president of a corporation on May 7th, 1885, presented to the directors of said corporation his claim, in writing, for salary due and expenses incurred on behalf of the corporation; that the same was allowed; that thereafter for value received, it was assigned to the plaintiff; that it was due and unpaid. The corporation pleaded in abatement that on February 14th, 1883, its board of directors, at a meeting at which the assignor of the claim was present, adopted a resolution which provided, among other things, " that the salary of the president and secretary of the company be paid monthly out of the money that may come into the hands of the treasurer from the first sale of bonds," and that no bonds had been sold, etc.

*Held,* that the plea was bad for two reasons: 1st. The said resolution did not create a condition precedent to the payment of the officers' salaries. 2d. The plea in abatement discloses the fact that a portion of the claim sued upon is made up of items expended on behalf of the company, to which there is no pretence that the resolution relied upon was applicable.

SAME.—*Answer.*—*Board of Directors.*—*Executive Committee Appointed by.*— *Powers of.*—*Assignor.*—*Payment.*—A paragraph of answer was filed in the above cause which averred that on June 8th, 1882, the corporation through its board of directors adopted a by-law which provided for the appointment of an executive committee, to act until the next annual election of directors, and to possess all the duties and powers of the board of directors during the intervals between the meetings of said board, and to report their action to said board; that said committee on June 15th, 1883, adopted a resolution suspending the salaries of the officers of the corporation, including the president, which was reported to the board of directors on the — day of ——, 1883, and said resolution had never been rescinded or resisted; and that all sums due the assignor of the claim on account of salary and expenses had been fully paid.

*Held,* that the answer was bad. It did not show that the action of the committee was approved by the board of directors, neither did it show when the authority of the committee to act ceased. The payment alleged is not shown to have been made before notice of the assignment to the plaintiff.

The Indianapolis, Eel River and Southwestern Railroad Co. *v.* Hyde.

SAME.—*Answer in Bar.*—*Partial Answer.*—A paragraph of answer is bad which is pleaded in bar to the action, and not as a partial answer, and upon its face shows that it applies to only a portion of the claim sued upon.

SAME.—*Answer.*—*Settlement.*—*Mistake or Fraud in.*—*Absence of Allegation as to.*—*Diligence.*—A paragraph of answer was filed in the above cause which alleged that on February 14th, 1883, the officers, directors and stockholders of the corporation entered into an agreement for reasons stated, that no part of the officers' salaries should be paid until the sale of certain first mortgage bonds; that said bonds had not been negotiated; that the assignor of the claim sued upon for certain considerations named, agreed that his salary should be suspended until the sale of said bonds, and that no payment should be paid to him except in the event of the sale of said bonds; that all the expenses incurred by him had been paid. *Held,* that the answer was bad, as it does not allege any mistake or fraud in the settlement alleged in the complaint on May 7th, 1885, nor does it deny that the assignor of the cause of action had an account or claim against the company on account of salary or money expended, nor does it allege that due diligence had been used to make a sale of the bonds.

From the Marion Superior Court.

*T. Hanna* and *A. W. Hatch,* for appellant.

*A. B. Young,* for appellee.

BERKSHIRE, J.—The appellee, who was the plaintiff below, brought this action upon the following writing issued by the appellant:

"*The Indianapolis, Eel River and Southwestern Railroad Company.*

"*To* P. D. SMITH, *Dr.*

"To salary and expenses as per bill rendered and allowed by the board of directors of said company, May 7th, 1885, to wit: $6,155.57. Correct.

[SEAL.] "W. R. ELDRIDGE, *Secretary.*

"Approved for payment: P. D. SMITH, *President.*" ·

Assigned as follows:

"For value received, I have this day assigned to Abner R. Hyde, of Indianapolis, Indiana, a certain writing in my favor against the Indianapolis, Eel River and Southwestern

Railroad for the sum of $6,155.57, heretofore audited, allowed and approved for payment.

"Given under my hand this 4th day of October, 1886.

"P. D. SMITH."

It is alleged in the complaint that the said Smith on the 7th day of May, 1885, then and there having a demand and making a claim against said corporation in the sum of $6,-155.57 for services by him rendered, for money by him loaned to the said corporation, and for money laid out and expended for its benefit, an accounting was then and there had and stated between the said Smith and said corporation, whereby it was agreed between the parties that there was then and there due to the said Smith from the said corporation upon the several considerations stated, the said sum of $6,155.57, and as an evidence thereof the said corporation caused to be issued to him the said writing. The said Smith was made a party defendant to the action that he might answer as to the said assignment.

The appellant demurred to the complaint, which demurrer was overruled, and it saved an exception. The next step taken by the appellant was to file a plea in abatement, in which it was averred, that theretofore, to wit, on the 14th day of February, 1883, the board of directors of the appellant company, of which board the said P. D. Smith was president, took the following action, he being then and there present:

"At a special meeting of the board of directors held at the company's office in the city of Indianapolis, Indiana, on the 14th day of February, 1883, P. D. Smith, president, in the chair, present also Robert Smith, vice-president, and J. M. Nees, secretary; there were also present H. W. Ayres, N. J. Hill, F. H. Tapy, J. A. Keller, S. B. Rodebaugh, D. C. Diers, J. M. Smith, Wm. M. Smith, C. J. Wilkinson and William Daggy, directors. On motion the following resolution was adopted:

"'Resolved, That the salary of the president and secre-

The Indianapolis, Eel River and Southwestern Railroad Co. *v.* Hyde.

tary of the company be paid monthly out of the money that may come into the hands of the treasurer from the first sale of bonds; and that the expenses of officers be paid out of any funds now in the hands of the treasurer, or that may hereafter come into said treasurer's hands. And that the president's salary shall be two thousand dollars per annum, and that the secretary's salary shall be one thousand dollars per annum, and actual expenses incurred in the service of the company by the said officers.'

"On motion of H. W. Ayres the board adjourned to meet on call of the president.          P. D. SMITH, *President.*

"Attest:    JAMES M. NEES, *Secretary.*"

That afterwards, on the 7th day of May, 1885, the following proceedings were had by the board of directors of said appellant concerning all the claims that said Powhattan D. Smith had and held against said railroad company :

" *Office of the Indianapolis, Eel River and Southwestern Railroad Company.    May 7th,* 1885.

"The directors met at 2 P. M. on call of the president; present P. D. Smith, Robert Smith, Bond, Wilkinson, Nelson, Hunting, Tapy, Hill, Keller and Eldridge.

"The president also presented the following :

"'INDIANAPOLIS, IND., May 7th, 1885.

"'*To the Board of Directors of the Indianapolis, Eel River and Southwestern Railroad Company :*

"'GENTLEMEN—I submit herewith my account with the R. R. Company as president thereof.

"'For the first item of the account I hold an order on the treasurer, signed by H. W. Ayres, auditor, but on reference to the minutes I find no record of such item being allowed, therefore I incorporate the same in this account.

"'The second item of this account was allowed January 16th, 1884, and I hold an order on the treasurer for the amount, but as it has never been paid I have also incorporated the same in this account.

The Indianapolis, Eel River and Southwestern Railroad Co. v. Hyde.

" ' My salary as president is due and unpaid since February 1st, 1883, making two years, three months and seven days to date.

" ' My expense account, dated April 29th, 1884, was presented to the board at their meeting that day, and passed without consideration. I have therefore inserted the same in this account, and ask its allowance.

" ' The balance of this account comprises my expenses up to date since my last report.   Respectfully submitted,

" ' P. D. SMITH.'

"*The Indianapolis, Eel River and Southwestern Railroad Company.*

"*In account with* P. D. SMITH, *Dr.*

" 1884.   *Dr.*

| | | | |
|---|---|---:|---:|
| Jan'y 9th. | To ac't attached ' Exhibit A ' . . | $331 | 97 |
| Jan'y 16th. | To ac't attached ' Exhibit B ' . . | 534 | 33 |
| Feb. 1st. | To 12 mo. salary due and unpaid . | 2,000 | 00 |
| April 29th. | To ac't attached 'Exhibit C ' . . | 159 | 00 |
| Feb. 1st, 1885. | To 12 mo. salary due and unpaid . . .  . . . . . . . . | 2,000 | 00 |
| May 7th, 1885. | To 3¼ mo. salary due and unpaid . . . . . : . . . . . . . | 541 | 67 |
| May 7th, 1885. | To ac't attached 'Exhibit D' . | 601 | 60 |
| | | $6,168 | 57 |

*Cr.*   1884.

April 29th.  By cash from board to payment .     $13  00

Balance due . . . . . . . . . . . . . $6,155  57

" On motion of Mr. Bond, seconded by Mr. Huntington, that the account be allowed, subject to the conditions of a resolution on salaries adopted February 14th, 1883, it was carried.

" Mr. Bond moved to adjourn subject to the call of the president.   Carried.

"Attest :                    W. K. ELDRIDGE, *Secretary.*"

Then follows the averment that the above and foregoing

The Indianapolis, Eel River and Southwestern Railroad Co. v. Hyde.

records show all the action had or taken by said appellant of and concerning any and all claims of said Powhattan D. Smith aforesaid against this defendant.

It is then averred that Eldridge, the secretary, attested the correctness of the order sued on, except that the following words, viz., "Approved for payment, P. D. Smith, President," were added to the order by the said Smith after the secretary, W. K. Eldridge, had affixed the corporate seal of the appellant thereto, and attested its correctness.

It is further averred that the appellant had not sold any bonds, and had no money in its treasury arising from the sale of bonds, although it had made a diligent effort to dispose of the same.

To this answer the court sustained a demurrer, and the appellant excepted.

The appellant then filed six paragraphs of answer in bar of the action, the first being the general denial, the second a plea of payment, and the sixth a plea of set-off.

The first paragraph was afterwards voluntarily stricken out by the appellant.

The third paragraph alleges that, on the 8th day of June, 1882, the appellant, through its board of directors, adopted certain by-laws, and, among others, the following:

"The president of the company, at a meeting at which these by-laws are adopted, and after each annual election of the board of directors in each year, shall appoint an executive committee from the members of said board, which shall perform the duties of a finance committee, consisting of five in number, of which committee the president shall be one, and ex-officio chairman, and three of whom shall constitute a quorum for the transaction of business. This committee shall continue to act as such until the next annual election of directors, and possess and exercise all the duties and powers of the board of directors during the intervals between the meetings of the board of directors, and report their action to

the said board; which committee shall convene at the call of the president, and the secretary of the company shall act as clerk of such committee."

It is then averred that the president, the said P. D. Smith, on the 14th day of February, 1883, appointed the members of said committee, and that the members so appointed were confirmed by the board of directors; and that on the 15th day of June, 1883, the said committee adopted the following resolution, viz.:

" WHEREAS, The funds provided to meet the expenses of printing and engraving the bonds, and paying the expenses of the engineers of the Indianapolis, Eel River and Southwestern Railway Company, are exhausted; and, whereas, we see no prospect of raising funds to meet any of the expenses now accumulating against said company; therefore,

" *Resolved*, That the salaries of the president and secretary, and all other officers of the Indianapolis, Eel River, and Southwestern Railway Company, shall cease from this date until placed on salary again by the proper authority, or the rescinding of this resolution.

A. J. HILL, *President.*

" Attest :    J. M. NEES, *Clerk.*"

It is then further averred that the said action of the executive committee was reported to the board of directors on the —— day of ——, 1883, and that the same was never revoked or rescinded, but was still in force; and that the claim sued upon was on account of salary claimed to be due and owing to the said P. D. Smith, as president of the appellant company ; but that the same was not due and owing because of the action taken by the appellant as therein before set out.

There is an additional averment that all sums theretofore due to the said Smith, because of salary and expenses by him incurred for the company, had been fully paid and satisfied.

The fourth paragraph states that on the 15th day of June,

The Indianapolis, Eel River and Southwestern Railroad Co. v. Hyde.

1883, all moneys belonging to the appellant, out of which salaries or expenses might have been paid, had been exhausted, and it then appearing that there was no immediate prospect of obtaining money for such purposes, it was agreed by and between the said P. D. Smith, the directors, officers and stockholders of said corporation, that subsequent to the said 15th day of June, 1883, all salaries should be suspended and that nothing should be paid to any of said officers until said agreement was thereafter rescinded and annulled; that in consideration thereof the said corporation relieved its said officers of the duty of trying to negotiate certain of its bonds, and assumed the burden of such negotiation through an agent; and it was further agreed that there would not be anything for said officers to do pending the negotiation of said bonds; that the said bonds were still in the hands of the agent selected by the appellant, and had not been negotiated, and that said agreement was still in force.

It is further stated that no expenses had been incurred by any of the officers of the appellant after said agreement was made, and that all expenses and costs prior to that date had been paid and satisfied:

The fifth paragraph alleges that on the 14th day of February, 1883, the officers, directors and stockholders entered into an agreement that inasmuch as there was no money at the command of the appellant out of which salaries could be paid, and on the further consideration that there were no duties for said officers to perform, no part of the salaries should be paid to such officers until the sale of certain first mortgage bonds that had been issued by the appellee, which were to be placed in the hands of an agent for sale; that the said bonds were so placed in the hands of an agent who had not as yet negotiated the same; that the said P. D. Smith, the payee of said obligation sued upon, was the president of the appellant corporation, and in consideration of the duties and labors of his said office being transferred to another as to the negotiation of said bonds, agreed, consented

and undertook with the said officers, directors and stockholders that his said salary, which is the foundation for this action, should be suspended until the sale of said bonds, and that no payment should be made to him except in the event of the sale of said bonds, and the conversion of the proceeds thereof into the treasury of the appellant; that all expenses incurred by the said Smith on appellant's account, had been paid long before the commencement of this action.

There was a jury trial, and after the evidence had all been introduced the court instructed the jury to allow to the appellant the full amount of its set-off, and to return a verdict in favor of the appellee for the full amount of his demand less the amount of the appellant's set-off, and the jury returned a verdict accordingly, and, over a motion for a new trial, the court rendered judgment for the appellee in accordance with the verdict of the jury.

From the judgment in special term the appellant appealed to the general term, and assigned the following errors:

1. The court erred in overruling the appellant's demurrer to the complaint.

2. The court erred in sustaining the demurrer to the plea in abatement.

3. The court erred in overruling the motion for a new trial.

The court, in general term, affirmed the judgment at special term, and from the judgment in general term this appeal is prosecuted.

Counsel for the appellant confine their argument to the second and third errors assigned in general term, thereby waiving the first one.

It is not our opinion that the court in special term erred in sustaining the demurrer to the plea in abatement. It was bad upon two grounds:

1. The resolution adopted by the board of directors on the 14th day of February, 1883, did not create a condition precedent to the payment of the officers' salaries; it was a

simple direction as to the time that should intervene between payments, and an appropriation of the particular fund therein named, so far as necessary to the payment of officers' salaries, to the exclusion of other creditors of the company.

The language of the resolution does not justify the conclusion that the officers were to look exclusively to the fund therein named for payment of their salaries, and to exempt the company from payment until the bonds were sold and the proceeds converted into the treasury.

The "first sale of bonds" is the language of the resolution. No particular number of bonds is named. The conditions of the resolution would have been complied with by the sale of one or two of the said bonds. Every person interested must be presumed to have known this. Suppose the first sale had been limited to two of the bonds; if sold at par they would have brought $2,000; the president's salary was $2,000 and the secretary's $1,000 per annum; can it be presumed that the officers whose salaries were to be paid, or the directors who adopted the resolution, contemplated any such result? We apprehend not.

As we have already said, the effect of the resolution was to appropriate the fund to the benefit of the officers named until their salaries were paid. It was a direction to the treasurer when he had funds in the treasury from the first sale of the bonds of the corporation to pay out of the same whatever was due to the officers named in the resolution on account of salaries due them, to the exclusion of other creditors.

The second reason why this pleading is bad is that it discloses the fact that a portion of the claim sued upon is made up of items for money expended on behalf of the company, to which there is no pretence that the resolution relied upon was applicable.

There was no demurrer filed to the third, fourth and fifth paragraphs of answer.

The appellee filed a reply in general denial to all of the affirmative answers.

The court in its instructions to the jury treated the third, fourth and fifth paragraphs of the answer as bad, and the second as not being supported by sufficient evidence. This involves a consideration of the three paragraphs held bad by the court, and the sufficiency of the evidence to sustain the second paragraph.

The by-law of the appellant corporation, set out in the third paragraph of answer, which authorized the president to appoint an executive committee, only extended to that committee the power to act in the intervals between the meetings of the board of directors, and required that they report their action to the board of directors. It is alleged in the answer that the action of the committee suspending the salaries of the officers was reported to the board of directors on the — day of —, 1883 ; and it is further averred that the said resolution is still in full force and effect, not having been revoked or rescinded, nor the officers again put on salaries.

It is not averred that the resolution of the committee was adopted with the consent and approval of the said P. D. Smith, the assignor of the appellee ; and his services having been engaged for one year from the 14th day of February, 1883, it is at least doubtful if the committee had the power to suspend his salary until the expiration of the year. But the most that can be claimed for the resolution of the committee is, that it continued in force until the next meeting of the board of directors, which, for all we know from the pleading, may have been the next day after the resolution was adopted by the committee, as it is alleged to have been reported to the board on the — day of —, 1883.

The committee only had power to act for the board of directors during the intervals between its meetings, and, therefore, the committee's action terminated at the next following meeting of the board of directors, unless continued in force

by its action, and that fact is not averred, but if we look to the action of the board as averred in the complaint, and not denied by the appellant, in adjusting and allowing the claim of the said assignor of the appellee, the inference, if any, must be that the action of the committee was not approved by the board of directors. The payment alleged in this paragraph of answer of all expenses incurred by the said P. D. Smith after the committee had adopted its resolution, on account of the appellant, and which expenses are covered by the assignment to the appellee, is alleged to have been made to Smith, and there is no averment that it was made before notice of the assignment.

This paragraph of answer was clearly bad.

The fourth paragraph of answer is pleaded in bar of the action, and not as a partial answer. The agreement alleged relates to the payment of salaries from and after the 15th of June, 1884. P. D. Smith, the assignor of the cause of action, had been in the employ of the appellant company from the 14th day of February, 1883, at a salary of $2,000 per annum, and there is nothing in the paragraph of answer to show that the amount due him, and which is included in the claim sued upon, was in any way paid or satisfied, and conceding, therefore, that all the averments in the answer are true and well pleaded, notwithstanding, the appellee was entitled to maintain the action for the amount due down to June 15th, 1883. This paragraph was, therefore, bad.

The fifth paragraph of answer does not allege that there was fraud or mistake in the settlement alleged in the complaint; nor is it denied that Smith, the assignor of the cause of action, had an account or claim against the company on account of salary, money expended, etc., as alleged in the complaint; nor is it alleged that the appellant had used due diligence to make sale of its bonds as it was bound to do under the agreement. For these reasons we are of the opinion that this paragraph of the answer was bad.

The general denial having been withdrawn, and there

having been no evidence introduced to sustain the plea of payment, and the third, fourth and fifth paragraphs of answer being bad, and the court having instructed the jury to allow the appellant the full amount of its set-off, there is no available error in the record on account of the instructions given to the jury. Indeed, under the pleadings and evidence introduced, this action of the court was eminently proper. *Gaff* v. *Greer*, 88 Ind. 122; *Martin* v. *Martin*, 118 Ind. 227; *Gipe* v. *Cummins*, 116 Ind. 511.

Judgment affirmed, with costs.

Filed Feb. 18, 1890.