### NEFF and another vs. WEBSTER.

A complaint alleging that the plaintiffs lent to the defendant a safe of a certain value, with a combination lock, and the key, and that the defendant locked the safe on a combination known only to himself, and returning the safe and key, refused upon demand to give up the combination upon which it was locked, in consequence of which the safe was worthless to the plaintiffs, states a good cause of action.

APPEAL from the Circuit Court for *Winnebago* County. The complaint in this case stated that in August, 1857, the plaintiffs were the owners of a certain safe with a combination lock and key thereto, and lent the safe, with its "lock, combination and key," to the defendant; that the safe then was and ever since has been in a warehouse in the possession of the defendant; that the defendant continued in possession of the same until January 1st, 1859; that in October, 1858, the plaintiffs demanded of the defendant said safe, lock, key, and combination, and the defendant refused to deliver the same, but on the contrary locked said safe on a combination

known only to himself; that on the 1st of January, 1859, the plaintiffs again demanded said safe, lock, key and combination, and the defendant delivered the key to them, but refused to deliver and give the combination by which said safe was locked, and though often since requested, still refuses so to do; that the safe, when taken by the defendant, with a knowledge of the combination of said lock, was worth $125; but in consequence of the act of the defendant in witholding the combination by which it was locked, it is worthless to the plaintiffs, to their damage $125. Demurrer to complaint overruled. Inquiry of damages, and verdict and judgment for $125.

*Wheeler & Kimball* and *D. J. Pulling*, for appellant :

The allegation that the defendant refused " to deliver and give the combination by which the safe was locked," could mean only that he refused to inform the plaintiff what combination of letters or figures he used in locking the safe. Knowledge, or a perception of the mind, is not the subject of a loan. If any action could be maintained, it must be on the contract to return the safe in the same condition in which it was received, and the contract must be set out in the complaint, and damages claimed for the breach. But whether the action is for a refusal to return the safe, or a refusal to return the combination by which it was locked, the complaint is equally defective for not stating the terms of the contract. It does not appear that the term of bailment had expired before the demand and refusal; nor is a refusal to return the safe alleged.

*M. A. Edmonds*, for respondents.

May 15.      *By the Court*, Cole, J. We are of the opinion that the complaint in this case states a good cause of action. The contract of bailment appears to be set forth with sufficient distinctness. The wrongful acts complained of, and which constitute the gist of the action, are, that the appellant locked the safe on a combination known only to himself, and returned it, utterly refusing to give the combination upon which the safe was locked; that in this condition the safe was worthless to the respondents. It is said that this can

only mean that the appellant refused to inform the respond- ents what combination of figures or letters he used in lock- ing the safe, which is merely equivalent to averring that he would not impart his knowledge or the perceptions of his mind upon this subject. Grant that this is so, and yet is not the witholding of this information an act of which the respondents can complain? It is alleged that the safe is utterly worthless without a knowledge of the combination upon which it is locked. The appellant alone possesses this information, but refuses to disclose it to the owners. It is not only a moral but a legal duty that he should impart this information. Every one having any acquaintance with the operations of these locks knows that the safe cannot be opened without the combination, and that it is frequently all that the safe is worth to find out the combination by trial when it is once lost. Suppose the appellant had locked the safe and thrown away the key, would not this have been a wrongful act of which the owner could complain? If so, why? Simply, we apprehend, because the safe would be worthless without the instrument to lock and unlock it. And yet a knowledge of the combination upon which the safe is locked, is about as essential to the opening the lock as the key itself. Indeed, it is claimed that these locks are invulnerable to every one not in possession of the combination to which they are last set. Whether this is really so or not, is an immaterial inquiry. Certain it is, the respondents allege that the safe, which was loaned to the appellant with a knowledge of the combination and key, is returned to them locked, without a knowledge of the combination to which it is set, and that it is worthless to them in this condition. It is difficult to conceive what reason the appellant can have for withholding that information, unless it be a fraudulent or malicious one. However that may be, it is clearly his duty to deliver the safe with the combination, so that it may be used by the owners. And it seems to be an impeachment of the good sense and intelligence of every one, to say that the withholding of the knowledge of the secret or combination of the letters and figures to which the lock is set, is an act for which the law will afford no redress;

January Term, 1862.

that though the respondents' property has become utterly worthless to them on account of the wrongful act of the appellant, still no action will lie to redress the injury.   Such, we think, cannot be the law.   If by any act of commission or omission of duty, the appellant has destroyed or rendered valueless the respondent's property, he should make just reparation.

We are therefore of the opinion that the demurrer to the complaint was properly overruled.

The order of the circuit court is affirmed, with costs.