Moss *et al. v.* The Witness Printing Company.

———————

Moss et al. *v.* The Witness Printing Company.

64    125
f164  604

PRACTICE.— *Waiver of Demurrer by Answer.*—Where the defendant in an action answers prior to, and without, a decision upon a demurrer previously filed by him to the complaint, he thereby waives his demurrer.

CONTRACT.—*Agreement to Furnish Subscribers for Newspaper.—Evidence.— Failure of Consideration.*—In an action upon a contract wherein the defendants had agreed to furnish, within a certain period, a certain number of subscribers for a newspaper published by the plaintiff, or to pay him a certain sum of money in lieu thereof, " in consideration " that such newspaper should " be conducted in the interest, and for the advocacy, of" a certain political party, and in accordance with its platform of principles, the only evidence introduced was the written agreement and the testimony of a witness that such newspaper had been published as agreed upon, that no subscribers had been furnished within the period fixed, and that a certain part of such sum remained unpaid.

*Held*, that the evidence sustains a verdict for the plaintiff.

*Held*, also, that a failure to publish such newspaper in the interest of such party would constitute a failure of consideration, to be pleaded and proved by the defendants.

SAME.—*Instruction to Find for Plaintiff.—Interest.*—It was proper for the court to instruct the jury trying such cause to find a verdict for the plaintiff for the amount of such sum remaining unpaid, with interest thereon from the expiration of such period.

From the Henry Circuit Court.

W. R. Pierse, J. H. McConnell and J. Brown, for appellants.

C. L. Henry, J. H. Mellett and E. H. Bundy, for appellee.

Howk, C. J.—This was a suit by the appellee, against the appellants, in a complaint founded upon a written contract, executed by the appellants to the appellee, of which the following is a copy :

"We, the undersigned, hereby agree with the Witness Printing Company, of Anderson, Indiana, to furnish five hundred subscribers to the newspaper, called The Witness, published by said company, and to pay for said subscribers one dollar and fifty cents in advance ; and we further agree to furnish the full five hundred subscribers within thirty days of the date of this agreement; and, in case of failure to furnish the full number above named, we will pay the full amount of seven hundred and fifty dollars for the full number of five hundred above enumerated. It is further understood, that this agreement, on the part of the undersigned, is in consideration of said Witness being conducted in the interest of, and for the advocacy of, the Independent Greenback Party, in accordance with the principles of the platform of the National Independent Greenback Party. In further witness of this agreement, we hereunto subscribe our names, at Anderson, this 1st day of July, 1876.

(Signed,) " JOEL EPPERLEY, D. B. DAVIS, W. H. H. BENNEFIEL, E. C. HILLIGOSS, S. R. MOSS, M. MOSS, S. S. HARRISON, SANFORD R. MOSS."

In its complaint, the appellee alleged that it had fully performed all the conditions of said contract to be performed by the appellee, but that the appellants had wholly failed and refused to perform their part of said contract, in this, that they had not, nor had either of them, ever furnished five hundred subscribers to said newspaper,

called The Witness, nor any part thereof, and had not paid the appellee said sum of seven hundred and fifty dollars, nor any part thereof, to the appellee's damage in the sum of seven hundred and fifty dollars. Wherefore, etc.

The appellants Samuel R. Moss, Montgomery Moss and Sanford R. Moss, jointly demurred to the appellee's complaint. Before this demurrer was decided, on the appellee's application the venue of the action was changed from the Madison Circuit Court, in which it was commenced, to the Hamilton Circuit Court. In the latter court, the record does not show that the demurrer to the complaint was decided; but the same appellants jointly answered in three paragraphs, the first being a general denial, and each of the other two setting up affirmative matters, by way of defence.

The appellee replied to the second and third paragraphs of said answer by a general denial thereof.

On the appellants' application, the venue of the action was changed from the Hamilton Circuit Court to the court below. At the April term, 1877, of the latter court, the appellee and the appellants Samuel R., Montgomery and Sanford R. Moss appeared by their counsel, and the appellants Joel Epperley, Dr. B. Davis, William H. H. Bennefiel, Edward C. Hilligoss and Stephen C. Harrison, being each three times audibly called by the sheriff of Henry county, came not, but herein made default.

The issues joined were tried by a jury, and a verdict was returned for the appellee in the sum of six hundred and ninety dollars and fifty cents.

The appellants' motion for a new trial was overruled by the court, and to this decision they excepted, and judgment was rendered against all the defendants for the amount of the verdict.

In this court all the appellants have assigned, as errors, the following decisions of the circuit court:

1.   In overruling their motion for a new trial; and,

2.   In overruling their demurrer to the complaint.

The appellants Samuel R. Moss, Montgomery Moss and Sanford R. Moss separately assign the same errors.

We will consider and pass upon these alleged errors, in the inverse of the order of their assignment.

The appellants Samuel R., Montgomery and Sanford R. Moss alone demurred to the appellee's complaint; but the record fails to show, as we have seen, either that the court decided the demurrer, or that the appellants excepted to any such decision. It appears, that, without any action being had on their demurrer, the same appellants filed their answer to the complaint. In this state of the record, we must hold that these appellants, by answering the complaint before their demurrer thereto was decided, thereby waived their demurrer. *Gordon* v. *Culbertson*, 51 Ind. 334.

There was no demurrer to the complaint on the part of the other appellants.

The question of the sufficiency of the appellee's complaint was not properly saved in the record, and is not presented for our decision by the errors assigned by the appellants or by any of them.

The causes for a new trial assigned by the appellants, in their motion therefor, were, that the verdict of the jury was contrary to law and was not sustained by sufficient evidence, that the amount of recovery was too large, and that the court erred in its instructions to the jury.

The evidence on the trial is properly in the record.

The appellee's evidence consisted of the written agreement between the parties, sued on in this action, and already given in our statement of the complaint, and the testimony of A. A. Brown, as follows:

" I was a stockholder in the Witness Printing Company, and acting as its president at the time the contract was made. The total number of subscribers paid for, up to this time,

Moss *et al. v.* The Witness Printing Company.

is in the neighborhood of sixty. Ten of them were paid for first of July, or within the thirty days. The paper is still published at this time, and has been issued every week from the time of this contract."

"This was all the evidence given in the cause," the appellants having offered none whatever.

It is earnestly insisted by the appellant's counsel, that the verdict of the jury was not sustained by sufficient evidence. The position is assumed, as we understand the argument of counsel, that, in order to entitle the appellee to a recovery in this action, its evidence must have shown that its newspaper, called "The Witness," had been conducted in the interest, and for the advocacy, of the "Independent Greenback Party," in accordance with the principles of the platform of the National Independent Greenback Party. In other words, the appellants' counsel claim, as we understand them, that what is termed in the contract its "consideration," was in fact a condition precedent to the appellants' liability to the appellee, under the terms of the agreement, and that the evidence was not sufficient to sustain the verdict, because there was no evidence introduced for the purpose of showing that "The Witness" had in fact been conducted "in the interest and for the advocacy of the Independent Greenback Party, in accordance with the principles of the platform of the National Independent Greenback Party." It seems to us, however, that, if the appellee's newspaper was not in fact conducted in the manner stipulated for in the contract, this would have been merely a failure of the consideration, partial or complete, as the facts might have been, for the contract of the appellants. Such failure of consideration, if it existed, was strictly matter of defence for the appellants, to be stated in their answer and sustained by their evidence. In neither of the paragraphs of their answer

did the appellants, or any of them, set up a failure of consideration, partial or total, of the contract sued upon, as a defence to this action; and, as we have seen, they introduced no evidence whatever upon any point on the trial of this cause. As the appellants did not attempt, either in their pleadings or by their evidence, to show any failure of the consideration of the contract, or that the appellee had not conducted its newspaper in the manner mentioned in said contract, it was unnecessary, we think, for the appellee to show by its evidence, that there had been no failure of the consideration for the appellants' contract, or that it had in fact conducted its newspaper in the interest, and for the advocacy, of the Independent Greenback Party, in accordance with the principles of the platform of the National Independent Greenback Party.

Under the issues joined in this case we are clearly of the opinion, that the verdict of the jury was in accordance with law and sustained by sufficient evidence.

The appellants complain of the instructions of the court to the jury trying the cause. These instructions were as follows:

" 1st. Under the evidence in this cause, it is your duty to return a verdict for the plaintiff.

" 2d. The plaintiff is entitled to recover the sum of seven hundred and fifty dollars, less any amount paid by the defendants, or either of them, upon the contract in suit, together with six per cent. interest on the remainder, from the 1st day of August, 1876, to this date.

" 3d. The form of your verdict will be: We, the jury, find for the plaintiff, and assess its damages at —— dollars, filling the blank with the amount you may find to be due."

Under the evidence on the trial, it is quite clear, we think, that there was no error in these instructions, or either of them. The entire evidence is set out elsewhere

in this opinion, and it will be seen therefrom that it consisted of the written contract sued upon and the testimony of the appellee's president as to the amount that had been paid by the appellants on the contract. There was no conflicting evidence before the jury. It was the province and duty of the court to construe the written contract, and instruct the jury as to its legal effect. In the discharge of this duty, it seems to us that the court could not well have done otherwise, on the evidence, than to instruct the jury to return a verdict for the appellee. This was not usurping the province of the jury, but it was simply a discharge of duty by the court. *Hynds* v. *Hays*, 25 Ind. 31 ; *Steinmetz* v. *Wingate*, 42 Ind. 574 ; *Dodge* v. *Gaylord*, 53 Ind. 365.

The appellants' counsel have elaborately discussed, in their brief of this cause in this court, several questions in connection with the sufficiency of the appellee's complaint; but these questions we neither consider nor decide, because, as we have seen, the question of the sufficiency of the complaint was not properly saved in the record, and is not presented for our decision by either of the alleged errors in the appellants' assignment thereof.

We find no available error in the record of which the appellants have complained in their assignment of errors in this court.

The judgment is affirmed, at the appellants' costs.