No. 9453.

## ADAMS v. KENNEDY.

INSTRUCTION.—*Evidence.*—*Question for Jury.*—*Error.*—Where, on the trial of a civil action, the plaintiff introduces evidence tending to sustain the material allegations of his complaint, it is error for the court to invade the province of the jury and instruct them to return a verdict for the defendant.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellant.

*L. M. Campbell*, for appellee.

HOWK, J.—The appellant sued the appellee in a complaint of one paragraph, wherein he alleged in substance that on the 15th day of November, 1871, he was a minor, aged thirteen years, and then unfortunately and accidentally had both bones of his left leg broken, just above the ankle; that his employer called on the appellee, who was then and there a practicing physician and surgeon, and another physician and surgeon who had since died, to attend to, treat and adjust the broken bones of appellant's leg; that the appellee, as such physician and surgeon, then and there undertook the treatment ·and care of the appellant, and then and there proceeded and attempted to set and adjust the broken bones of the appellant's left leg, but that the appellee so negligently, unskilfully and wrongfully set and adjusted the broken bones of appellant's leg as to leave the same in a dangerous and crooked shape and condition; that when the appellee was informed that the broken bones were not properly set and adjusted, but were in a crooked condition, he refused and neglected to set and adjust the appellant's broken leg, and to attend on him in a proper and skilful manner, and thereby the appellant was confined to his bed for months thereafter; that, owing to the careless and unskilful acts of appellee in the premises, the appellant's left leg had been and then was, without the appellant's fault, crooked and not in a proper and healthy condition,

whereby appellant had sustained damages in the sum of $6,000. Wherefore, etc.

The cause was put at issue and submitted to a jury for trial, and, under the instructions of the court, a verdict was returned for the appellee, the defendant below. Over the appellant's motion for a new trial and his exception saved, the court rendered judgment against him for the appellee's costs.

Error is assigned here by the appellant upon the overruling of his motion for a new trial. In this motion the first cause assigned for such new trial was in substance as follows: That the court erred in giving to the jury, of its own motion (over the objection of the plaintiff), the following instruction:

"The plaintiff has failed by the evidence given by him in this cause to make out a case against the defendant, and therefore the jury will return a verdict in favor of the defendant and against the plaintiff, without retiring from the jury-box."

There are cases in which the court may very properly instruct the jury to return a verdict for the one party or the other, without usurping or invading the province of the jury, and simply in the discharge of the court's own duty. *Dodge* v. *Gaylord*, 53 Ind. 365; *Moss* v. *Witness Printing Co.*, 64 Ind. 125; *American Ins. Co.* v. *Butler*, 70 Ind. 1. It is insisted, however, by the appellant's counsel, that in this case the court did invade the province of the jury, and by its instruction assumed to decide the questions of fact which the parties had submitted to the jury for decision. In such a case, if there is evidence introduced which tends to sustain the material allegations of the complaint, its sufficiency or insufficiency is a question for the decision of the jury, and it is error for the court, by its instructions, to control or direct the verdict. The evidence is in the record, and it is of such a character that if the jury had returned a verdict thereon for the appellant, this court could not, under its well settled rules,

have disturbed the verdict on the weight or for the want of evidence. From our reading of the evidence, as it appears in the record, it fairly tends, we think, to sustain the material allegations of the appellant's complaint. We are of the opinion, therefore, that the case is one in which the appellant had a clear and undoubted right to a trial by jury and to a verdict, wholly uninfluenced by any opinion of the court in relation to the evidence. The court invaded the province of the jury in the instruction complained of, and as applied to this case it was clearly erroneous.

For this error of law, we think, the motion for a new trial ought to have been sustained.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the motion for a new trial and for further proceedings.