Filed Feb. 4, 1887.

No. 12,782.

## HALL ET AL. *v.* DURHAM.

JUDGMENT.—*Collateral Attack.*—A judgment, regular on its face and one which the court had jurisdiction to render, can not be attacked collaterally.

INSTRUCTIONS TO JURY.—*Verdict.*—*When Court May Direct.*—It is not error for the court to instruct the jury what their verdict shall be, where the controlling facts are admitted, or are not controverted in any essential respect.

EVIDENCE. — *Ejectment.* — *Materiality.* — Evidence offered in an action of ejectment, by which it is proposed to show that all the matters in difference between the parties concerning the real estate in dispute had been compromised and adjusted, should be excluded where nothing has been shown as to the materiality of the proffered evidence, or the manner in which the alleged compromise was made.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter*, for appellants.

*J. R. Courtney*, for appellee.

NIBLACK, J.—Some time previous to the September term, 1884, of the Montgomery Circuit Court, William H. Durham, the appellee in this case, commenced an action in that court against John R. Hall and Margery Hall, the appellants in this appeal, to quiet his title to a tract of land in Montgomery county.

At the term of court above named, the defendants in that action failed to appear, and, it being shown that summons

had been served upon them more than ten days before the first day of the term, a judgment quieting the plaintiff's title to the land described in his complaint was entered against the defendants as upon default.

In March, 1885, this action, which was for the recovery of the possession of the tract of land to which the title had been quieted as above stated, was commenced by Durham against the same defendants, and a trial resulted in a verdict and judgment in favor of Durham.

At the trial Durham offered in evidence the complaint and judgment in the action prosecuted by him as above to quiet his title, but the defendants objected:

*First.* Upon the ground that the complaint was not sufficient to support such a judgment.

*Second.* That the judgment had been changed in a material respect after it was first entered, without their knowledge or consent.

The court heard evidence in regard to the alleged change in the judgment, and, evidently coming to the conclusion that, if any change was made in the judgment after it was first entered by the clerk, it was before it was signed by the judge, admitted both the complaint and judgment in evidence.

The reasonable inference from the evidence which the court heard was, that the judgment so read in evidence was entered upon the proper order-book of the Montgomery Circuit Court; that it appeared to have been entered in the usual course of proceeding, and was signed by the proper judge. Under such circumstances the objection to the reading of the judgment in evidence was a merely collateral attack on the validity of the judgment, as between the parties, which was regular on its face and of a class which the court had jurisdiction to render. Such an attack was not permissible, and hence the court did not err in admitting the judgment in evidence.

As to the sufficiency of a complaint to quiet title, see the case of *Kitts* v. *Willson*, 106 Ind. 147.

John R. Hall, one of the defendants, was called as a witness, and it was proposed to prove by him that all the matters in difference between the parties concerning the real estate in controversy had been compromised and adjusted, but there was no statement as to the manner in which the alleged compromise and adjustment had been made, and the evidence thus proposed was excluded. There was no error in this ruling. Nothing was shown from which the materiality of the proffered evidence could be inferred.

It is claimed that the court, after the evidence was concluded, instructed the jury to return a verdict for the plaintiff, which they accordingly did, and that this was erroneous because of some alleged conflict in the evidence on some questions raised at the trial.

The clerk, after noting on the order-book the empanelling of the jury, proceeded as follows: "And the jury, having heard the evidence and argument of counsel, are, by the order and direction of the court, required to return the following verdict:" then setting out the verdict in full, which, as has been stated, was in favor of the plaintiff. But there is no mention of these proceedings in the bill of exceptions. If the jury were required to return a particular verdict, it was necessarily through the medium of an instruction given them by the court, and a question could only be reserved upon such an instruction by bringing it into the record in some lawful manner. The entry of the clerk, set out as above, did not take the place of a bill of exceptions, and consequently presents no question for our consideration. R. S. 1881, section 650; *Kesler* v. *Myers,* 41 Ind. 543; *Berlin* v. *Oglesbee,* 65 Ind. 308; *Olds* v. *Deckman,* 98 Ind. 162; *Redinbo* v. *Fretz,* 99 Ind. 458.

The record presents no available error, and in consequence the judgment is affirmed, with costs.

Filed Jan. 27, 1887.

## On Petition for a Rehearing.

Niblack, J.—A brief accompanying a petition for a rehearing, filed in this cause, calls our attention specifically to an instruction contained in the bill of exceptions, which, in effect, directed the jury to find a verdict for the plaintiff. Our attention was not so called at the former hearing, and hence we fell into the error of assuming that the bill of exceptions did not show that such an instruction had been given. Our mistake in that respect only requires us now to consider whether the circuit court erred in giving such an instruction upon the facts as presented by the evidence. The recognized rule on the subject is, that where the controlling facts are admitted, or are not controverted in any essential respect, it is not error for the court to instruct the jury what their verdict should be. *Adams* v. *Kennedy*, 90 Ind. 318; *Carver* v. *Carver*, 97 Ind. 497; *Wabash R. W. Co.* v. *Williamson*, 104 Ind. 154.

For the reasons given in the principal opinion, the circuit court did not err either in the admission or rejection of evidence, and, upon the evidence admitted, the circuit court was, as we believe, justified in instructing the jury that the verdict should be for the plaintiff. So long as the judgment quieting the title of the plaintiff in the land in controversy shall remain unreversed or unmodified, we are unable to see how in this action a verdict for the defendants below could be sustained.

Counsel assert, in argument, that the appellee's claim to the land in suit originated in a tax sale for a comparatively small sum of money, and that the demand for possession of the entire tract is not only unconscionable but cruel under all the circumstances. If this be true, then we greatly regret our inability to afford some relief. But the justice of the appellee's original claim or title to the land is in no manner before us. That was a matter which ought to have been

litigated, if at all, in the action to quiet title in which the appellants, for some unexplained reason, made default.

It is still insisted that the circuit court erred in not permitting the witness, Hall, to testify that the appellee's claim to the land had been compromised and adjusted, upon the ground that in actions like this all defences are admissible under the general denial. But there was, as has been stated, no statement showing that the facts proposed to be proved were such as would have constituted a defence to the action. Hence we have no reason to infer that the evidence excluded would have in any manner tended to establish a valid defence.

The petition for a rehearing is overruled.

Filed Feb. 25, 1887.