Gipe *et al. v.* Cummins.

No. 13,477.

GIPE ET AL. *v.* CUMMINS.

LANDLORD AND TENANT.— *Forcible Detention.*— *Proof.*—*Jury.*— *Verdict.*— Where a complaint charges a peaceable entry upon real estate, and a forcible detention thereof, before the plaintiff can recover he must prove that the defendant holds the possession either by actual violence or such a show of force as is reasonably calculated to intimidate the plaintiff; and on failure of such proof the court may direct the jury to return a verdict for the defendant.

EVIDENCE.—*Objection.*—*Exception.*—The exclusion of testimony can only be made available by asking a pertinent question of a witness on the stand, and if objection is made, stating to the court what testimony the witness will give in answer to the question proposed, and, if the objection is sustained, reserving an exception.

From the Madison Circuit Court.

*H. D. Thompson, W. A. Kittinger* and *E. F. Dailey,* for appellants.

*G. M. Ballard, C. Greenlee, C. L. Henry* and *H. C. Ryan,* for appellee.

BERKSHIRE, J.—This action originated before a justice of the peace, who tried the cause and rendered judgment for the appellee.

The appellants appealed to the circuit court and there the case was tried before a jury and a verdict returned for the appellee; they filed a motion for a new trial which the court overruled and the proper exception was entered, after which the court rendered judgment for the appellee.

The action is controlled by section 5237, R. S. 1881.

The charge made by the complaint is a peaceable entry upon real estate and a forcible detention thereof.

The brief of counsel for the appellants contains some strictures upon the judge who presided at the trial, which we desire to refer to before considering the case. What is said is in bad taste and does not meet with the approbation

of this court.  But to proceed with the consideration of the cause.

After the evidence had all been introduced and the argument of counsel to the jury concluded, the court directed the jury to return a verdict for the defendant.

The court may, in a proper case, direct the jury to return a verdict for the defendant.   *Washer* v. *Allensville, etc., T. P. Co.,* 81 Ind. 78; *Weis* v. *City of Madison,* 75 Ind. 241; *Purcell* v. *English,* 86 Ind. 34.

The court may, under some circumstances, direct a jury to return a verdict for the plaintiff, even where the plaintiff has the burden of the issue.   *Gaff* v. *Greer,* 88 Ind. 122; *Beckner* v. *Riverside, etc., T. P. Co.,* 65 Ind. 468.

Whenever there is an entire failure of proof as to any material fact, the establishment of which is necessary to the plaintiff's recovery, it is not only right but entirely proper that the court direct the jury to return a verdict for the defendant.   *Steinmetz* v. *Wingate,* 42 Ind. 574; *Kline* v. *Spahr,* 56 Ind. 296; *Moss* v. *Witness Printing Co.,* 64 Ind. 125; *Hazzard* v. *Citizens State Bank,* 72 Ind. 130; *Williamson* v. *Yingling,* 80 Ind. 379; *McClaren* v. *Indianapolis, etc., R. R. Co.,* 83 Ind. 319; *Dodge* v. *Gaylord,* 53 Ind. 365.

In cases belonging to the class to which this one belongs, before the plaintiff can recover he must prove that the defendant holds the possession either by actual violence or such a show of force as is reasonably calculated to intimidate the plaintiff.   *Archey* v. *Knight,* 61 Ind. 311; *Judy* v. *Citizen,* 101 Ind. 18; *O'Connell* v. *Gillespie,* 17 Ind. 459; *Kiphart* v. *Brennemen,* 25 Ind. 152.

The evidence is in the record, and we have given it a careful examination.   There is an entire absence of evidence tending to show force or intimidation.   The following is the state of facts disclosed:

On the 20th day of January, 1885, the appellee was a constable, and had a *fieri facias* in his hands against the property of one Jesse Niesel, which he levied upon certain

property in the possession of the appellants that was in a store-house located upon the premises in controversy. After the levy had been made, and to save any trouble and inconvenience which might attend a removal of the property, the appellants voluntarily consented to turn the possession of the store-house over to the appellee and gave him the keys thereto. After some days the appellants made a demand upon the appellee for a return of the possession of the store-house to them. The appellee refused to surrender the possession, and held it at the time this suit was brought, peaceably and quietly so far as the evidence discloses.

The principal element in this character of action being the retention of possession by force, the court below committed no error in directing the jury to return a verdict for the defendant.

Upon the trial there was some testimony offered by the appellants which the court rejected. The rejected testimony did not tend to prove force on the part of the appellee in holding possession of the property, and, had it been admitted, the result of the trial must have been the same.

Again, the record does not properly present the question for the consideration of this court.

The exclusion of testimony can only be made available by asking a pertinent question of a witness on the stand, and if objection is made, stating to the court what testimony the witness will give in answer to the question proposed, and if the objection is sustained, reserving an exception. *Lewis* v. *Lewis,* 30 Ind. 257; *Higham* v. *Vanosdol,* 101 Ind. 160; *Judy* v. *Citizen, supra.*

Counsel for the appellants did not thus present any question as to the rejection of testimony.

The judgment of the court is affirmed, with costs.

Filed Jan. 11, 1889.