Murray *et al. v.* The W. W. Kimball Company.

Filed May 29, 1894.

———————————◆———————————

No. 1,287.

MURRAY ET AL. *v.* W. W. KIMBALL COMPANY.

PROMISSORY NOTE.—*Escrow.—Delivery to Agent of Payee.*—If the maker of a promissory note deliver the same to an agent of the payee, it is the same as a delivery to the payee, and an escrow can not be created by such delivery.

SAME.—*Escrow.—Instructions by Maker to Payee's Agent.*—A mere instruction from the maker of a note to the agent of the payee, as to what to do with the note delivered to him, will not constitute the payee's agent the agent of the maker, so that such delivery will amount to an escrow.

SAME.—*Delivery.— When Admissible in Evidence.*—If the evidence establish the fact of delivery to the payee's agent, the note is admissible in evidence.

From the Howard Circuit Court.

*C. N. Pollard,* for appellants.

*W. D. Davis, M. Bell* and *W. C. Purdum,* for appellee.

REINHARD, J.—The questions presented in this case arise upon the overruling of the appellants, motion for a new trial.

The action was similar to that in *Murray* v. *W. W. Kimball Co.,* 10 Ind. App. 184.

The note sued upon in the present action is one of the same series as those involved in the case cited.

A special plea of *non est factum* was filed in the case at

bar similar to that in the case cited. The material difference in the two answers is that the one in the case in hand contains the averment that Edgar Hendee, the person in whose custody the notes are alleged to have been placed as an escrow, was the agent of the appellant, James W. Murray, for that purpose, while, in the former case, the averments showed, as we held, that Hendee was the agent of the appellee, and that, therefore, the notes could not have been held by him as escrows, but that the delivery to him amounted to a delivery to the appellee.

In the case at bar an issue was formed upon the special answer referred to, and the same was submitted for trial to a jury, who returned a verdict for the appellee. It is practically conceded in this case that if Hendee was acting as the agent of the appellants, or either of them, in receiving the note, and it was placed in his hands to be delivered only in case the condition mentioned in the answer was subsequently performed, there has not been any lawful delivery of such note, and the suit could not be maintained. Proceeding upon this theory we will examine the causes assigned in the motion for a new trial, and discussed by counsel.

The first ruling, of which complaint is made, is the giving of the first instruction, in which the court charged the jury, among other things, that if they should find that the facts alleged in the special answer were true, their verdict should be for the defendants; but that if they found that the note in suit was placed in the hands of said Hendee, as averred, and, further, that said Hendee was at that time the agent and attorney of the plaintiff, and was acting as such in such matter, and not as the agent of the defendant, then the defendant could not succeed on such paragraph.

We think this instruction was fully as favorable as

the appellant had the right to ask. It correctly stated the rule that if in receiving the note Hendee was acting as the agent of the appellee only, the averment in appellant's special answer that he was the agent of the appellant was not sustained. And, as we held in the case cited, if Hendee was acting for the appellee in receiving the note, it was the same as a delivery to the appellee itself, and an escrow could not be created by such a delivery. There was, therefore, no error in giving this instruction.

The next alleged erroneous ruling is the refusal of the court to give instruction number two, requested by the appellant. In this instruction it is asked to charge the jury that if the note was placed in the hands of Hendee, with the directions as averred in the special answer, this would constitute him the agent of the appellant for the keeping of such note, and if, in violation of such direction, he turned the note over to the appellee, it would not be a delivery.

This instruction was properly refused. There are many reasons why it can not be upheld. A sufficient one is its erroneous assumption that the mere instructions to Hendee, from the appellant, as to what to do with the note, constitute him the agent of the appellant. If Hendee was sent to the appellants by the appellee to procure the note, he was the agent of the appellee, and not of the appellants, or either of them, and for him to hold the note as an escrow, would be in violation of his duty to his principal, and he was, therefore, incompetent to act as the depository or custodian of such note as an escrow. Such a delivery would have the same effect as if it had been made to the payee of the note directly, with the understanding that the instrument was not to become effective as a note, until the condition set up in the answer had been performed. No such arrangement

or understanding as this, resting in parol, could be proved, as it would be a clear contradiction of the provisions of the written contract. The authorities cited in the other case between the same parties fully support this holding. There was evidence strongly tending to sustain the theory that Hendee was acting as the attorney and agent of appellee in obtaining said note, and the facts assumed in the instruction would not change such agency to one for the appellant.

Another alleged error is predicated upon the ruling of the court in permitting the witness, Hendee, to testify what his intention was in the receiving of the note. If a technical error was committed in this ruling it has not harmed the appellant. But one logical and correct result could have been attained under the evidence, and this, it is needless to say, was the conclusion reached by the jury.

It is further contended that the court erred in allowing the appellee to introduce its note in evidence without further proof of delivery. From what we have already said, it must be apparent, that in our view the evidence of delivery was not only *prima facie* sufficient to authorize the introduction of the note, but that it was conclusively so.

We find no reversible error.

Judgment affirmed.

Filed May 29, 1894.