MATTOON v. FREMONT, E. & M. V. R. Co.

1. A motion to direct a verdict is properly denied when based upon a ground that is unavailable.

2. That the evidence does not preponderate in favor of the plaintiff is not a ground for the direction of a verdict in favor of the defendant.

3. When a judgment and order overruling a motion for a new trial is appealed from, and the ruling of the court on such motion is assigned as error, a record showing that the motion for a new trial was made on a bill of exceptions included therein, which contains a notice of intention to move for a new trial, that specifies and definitely points out the particulars in which the evidence is insufficient to justify the verdict, is sufficient to present that question to this court on appeal.

(Syllabus by the Court. Opinion filed Nov. 3, 1894.)

Appeal from Pennington county court. Hon. LEVI McGEE, Judge.

This case was first decided by this court in an opinion filed Sept. 1, 1894, reported in 60 N. W. 69, in which opinion the judgment of the trial court in favor of the plaintiff was reversed. Respondent petitioned for a rehearing, which in this opinion is denied.

*J. W. Fowler,* for appellant.

*Wood & Buell,* for respondent.

FULLER, J.   Upon the petition of respondent for a rehearing, this case is now before us.   The opinion of this court reversing the judgment of the trial court, so far as appealed from, is published in 60 N. W. 69.   In support of the petition for a rehearing, counsel for plaintiff and respondent maintain that the motion, as made, to direct a verdict in favor of defendant upon certain causes of action at the close of plaintiff's testimony, was in any event properly overruled, because the reason therein assigned, so far as the motion relates to the cow mentioned in the fourth cause of action, constitutes no ground for the direction of a verdict.   The part of the motion pertaining to the fourth cause of action, so far as material to a consideration of the point presented, is, in effect, as follows:   "Defendant moves the court to direct a verdict   *   *   *   for the defendant on the fourth cause of action, for the reason that it is necessary for the plaintiff to prove by a preponderance of the testimony that the cow mentioned in said cause of action was struck by defendant's train."   The right of a party to a directed verdict, when proper and timely application therefor is made, imposes a duty upon the court to grant such application; and if, at the close of plaintiff's case, no evidence had been introduced tending to establish the first and fourth causes of action alleged in the complaint, or either of them, and the question as to the right of the defendant had been  presented to the court for its decision by a motion directing the attention of the court to the fact that there was no  evidence  before the jury to support a verdict in plaintiff's favor upon such cause of action, the motion should have been  sustained; but a motion to direct a verdict upon the ground, as mentioned in relation to the fourth cause of action, that a cause has not been established by a preponderance of  evidence, presupposes a conflict in such evidence, the greater weight or  preponderance of  which must be ascertained by the jury.   The motion, so far as it relates to the first cause of action, was entirely sufficient, and should have been granted.

The motion for a verdict was, in effect, an application to the court to be relieved from offering any evidence upon the part of defendant, and a request that the case be not submitted to the jury upon the evidence of plaintiff, but that, as a matter of law it be decided in defendant's favor; and, like an objection to the introduction of evidence upon the trial, a valid reason therefor, in order to be available, should be specifically pointed out. It would seem that it is not error to overrule a motion for the direction of a verdict that specifies no ground therefor;. and when the motion states an unavailable ground, and attributes to the evidence a condition that suggests a conflict therein, and consequently a case for the consideration of the jury, such a motion is misleading, and the moving party should be confined on appeal to the grounds specified therein, to the same extent and for the obvious reasons that limit the inquiry of an appellate court to the grounds specified in an objection to the introduction of evidence upon the trial. Mateer v. Brown, 1 Cal. 222.

The denial of a motion to direct a verdict upon the ground that "plaintiff has introduced no testimony tending to sustain his cause of action" was sustained, on the ground that the motion should state the precise grounds relied on, so that the attention of the court and opposing counsel may be particularly directed to the supposed defects in plaintiff's case, in order, doubtless, that the same may be supplied if consistent with a fair administration of justice. People v. Banvard, 27 Cal. 470; Sanchez v. Neary, 41 Cal. 486; Kiler v. Kimbal, 10 Cal. 268; McGarrity v. Byington, 12 Cal. 426; Hayne, New Trial & App. 116. As the determination of the question before us requires no expression of opinion concerning cases holding that a verdict directed on a motion which states an unavailable ground must be set aside, and a new trial ordered, although a valid ground existed at the time such motion was made, we cite to that effect, without comment, Raimond v. Eldridge, 43 Cal. 506; Sanchez v. Neary, *supra.* Although the question was not dis-

cussed in respondent's brief, and is presented to this court for
the first time on the petition for a rehearing, we hold that the
motion for the direction of a verdict was properly over-
ruled, so far only as it relate to the fourth cause of action.

It is urged by counsel for respondent, in their petition for
a rehearing, that the insufficiency of the evidence to justify the
verdict cannot be raised on appeal, because the record does not
contain a motion for a new trial which specifies the particulars
in which the evidence is insufficient to justify the verdict. It
appears from the record that a motion for a new trial was made
on the bill of exceptions set out in the abstract, and, by stipu-
lation of the parties, the same was brought on for hearing
before the time designated therein; and after hearing the re-
spective counsel in support of and in opposition to said motion,
and the court being fully advised in the premises, it was
ordered that said motion be in all things overruled, to which
order the defendant at the time duly excepted, and the ruling
of the court thereon is assigned as error. A notice of intention
to move for a new trial, designating the statutory grounds
therefor, and stating that the motion would be made upon a
bill of exceptions, was duly served and the same contained a
full and complete specification of the particulars in which the
evidence was alleged to be insufficient to justify the verdict;
and this notice of intention, as shown by the record, was made
a part of the bill of exceptions, which was before the court,
and upon which the motion for a new trial was made, heard,
and determined. The question now presented was not dis-
cussed in respondent's brief, and counsel do not intimate in
their petition for a rehearing that the insufficiency of the evi-
dence to justify the verdict was not, in fact, fully presented
and argued on the hearing of the motion for a new trial.
Without indulging presumptions unwarranted by a record
which affirmatively shows that the motion for a new trial was
made and heard on a bill of exceptions which contained a
notice of intention to move for a new trial, that fully specified

and pointed out the particulars in which the evidence was insufficient to justify the verdict, we are satisfied from the record that opposing counsel had proper notice, and that the matter was fully presented to the court below by a motion for a new trial, and that the record on appeal from the judgment and order overruling the motion for a new trial is sufficient to present the question as to the sufficiency of the evidence to justify the verdict to this court for review.

Governed by the irresistable conclusion that there was no evidence before the jury justifying the verdict for plaintiff either on the first or fourth cause of action, and the particulars wherein the evidence failed to establish a *prima facie* case being fully presented to the trial court upon a motion for a new trial, which was overruled, this court, after a careful examination and consideration of the entire case as presented on appeal, reversed such order and judgment so far as appealed from, and granted a new trial; and a re-examination of the record strengthens our confidence in the correctness of the opinion, which is based upon the merits of the case as disclosed by the record, and we would not be justified in disturbing the decision on the technical ground presented for the first time in the petition for a rehearing, and the petition must therefore be denied. It is so ordered.