## COOPER ET AL. *v.* MERCHANTS' AND MUNUFACTURERS' NATIONAL BANK.

[No. 3,141. Filed June 7, 1900. Rehearing denied October 10, 1900.]

PLEADING.—*Bills and Notes.*—A complaint in an action on a promissory note is not defective in that it fails to refer to and identify the note, where the note is contained in the body of the complaint. *p. 343.*

.SAME.—*Anticipating Defense.*—*Bills and Notes.*—A complaint in an action on a promissory note alleging the execution of the note, its purchase by plaintiff, before maturity, for a valuable consideration, in the usual course of business, without notice of any defense, does not contain an anticipated defense. *pp. 343, 344.*

BILLS AND NOTES.—*Negotiable Instruments.*—*Instalments of Interest Due and Unpaid.*—A note, negotiable under the law merchant does not lose its negotiability by instalments of interest thereon remaining due and unpaid. *pp. 344, 345.*

SAME.—*Signatures.*—*Agreement.*—*Delivery.*—Evidence in an action on a promissory note that the note was delivered to the agent of the payee under an agreement that the note should not be delivered until signed by another person, is inadmissible, since delivery to the agent passed the title to the payee. *pp. 345, 346.*

SAME.—*Evidence.*—*Good Faith of Purchaser.*—Although a note does not lose its negotiability by instalments of interest thereon remaining due and unpaid, evidence that the purchaser of a note bought it with knowledge that two annual instalments of interest were due thereon, was admissible on the question of the good faith of the purchaser. *p. 346.*

EVIDENCE.—*Hearsay.*—*Bills and Notes.*—Evidence by a bank cashier in an action on a promissory note purchased by the bank, that the bank nor any of its officers had any knowledge of any defense to the note was hearsay, and inadmissible. *pp. 347, 348.*

TRIAL.—*Directing Verdict.*—*Bills and Notes.*—*Good Faith Purchaser.*
—*Notice of Defenses.*—The court erred in directing a verdict for
plaintiff in an action by an indorsee upon a promissory note, where
the maker claimed an equitable defense thereto, and notice to the
indorsee thereof, and there was evidence that the indorsee knew
that there were instalments of interest due and unpaid at the time
the note was purchased. Henley, J., dissenting. *pp. 348, 349.*

From the Clay Circuit Court.    *Reversed.*

*H. H. Mathias* and *S. A. Hays,* for appellants.

*H. C. Lewis, B. F. Corwin, S. D. Coffey* and *A. I. Vorys,*
for appellee.

COMSTOCK, J.—This suit was founded on a promissory
note payable at a bank in this State, alleged to have been
executed by one Neil to McLaughlin Bros., and by the
latter indorsed to the appellee.

The complaint, consisting of one paragraph, was origin-
ally filed in the Putnam Circuit Court. Upon change of
venue, the cause was put at issue and tried in the Clay Cir-
cuit Court. A trial by jury resulted in a verdict and judg-
ment in favor of appellee for $1,275.83.

The first and second specifications of error question the
sufficiency of the complaint. The third and fourth, the
action of the court in sustaining the demurrers of appellee
to the third and sixth paragraphs, respectively, of appel-
lant's answer. The fifth, the action of the court in sustain-
ing the motion of appellee requesting the court to direct the
jury to return a verdict in its favor and in instructing the
jury to return a verdict for the appellee against appellants
for the full amount of the note in suit with interest thereon
at the rate of six per centum per annum from the date of
said note. This is also made a reason for a new trial. The
sixth, the action of the court in overruling appellant's mo-
tion for a new trial.

In support of the first and second specifications of error
(the insufficiency of the complaint), it is urged (1) that
the complaint anticipates the defenses, but does not aver

sufficient facts to avoid them. (2) That it does not sufficiently refer to and identify the note in suit, and neither the original nor a copy thereof is filed with the pleading. It does not contain any averment of a promise to pay, or when the note matured or where it was payable, or whether it bore interest and at what rate and when payable, and no direct or equivalent averment that the note remained unpaid. A reading of the complaint shows that these objections are not well taken.

The complaint avers that "the plaintiff is now the owner and holder of said note, which note and the indorsement thereon is in the words and figures following, to wit: '$1,000. Greencastle, Ind., March 15, '94. On July 1, 1897, after date for value received, we jointly and severally promise to pay McLaughlin Bros. or order $1,000 at the First National Bank of Greencastle, Ind., with interest at six per cent. per annum, interest payable annually.' " The names of appellants are set out. Indorsed "McLaughlin Bros."

It appears that the note with the indorsement is contained in the body of the pleading. This is sufficient. *Adams* v. *Dale,* 29 Ind. 273; *Jones* v. *Parks,* 78 Ind. 537. The note thus made a part of the complaint contains the promise to pay, the date of maturity, where payable, the rate of interest and where payable. Nor can we agree with counsel in the view that the complaint anticipates the defense. It avers the execution of the note, and its purchase before maturity for a valuable consideration by appellees without notice of any defense. The averments which counsel for appellant claim are designed to supply the place of a reply, and to protect the holder against any defense which the makers might have against the payees, are the following: "Which note was afterwards for a valuable consideration indorsed by said McLaughlin Bros. and for a valuable consideration sold, delivered, and transferred, in the usual course of business, to the plaintiff before the same became

due; that plaintiff purchased said note in good faith from the said McLaughlin Bros. before same became due, and for a valuable consideration, to wit, $1,100, which it then and there paid in cash without any notice whatever of any defenses of the same at law or in equity; that said First National Bank of Greencastle, Indiana, is and was at the date of said note a bank in the State of Indiana, and that the. plaintiff is now the owner and holder of said note."

In these averments no attempt is made to set up a defense to the note. *Latta* v. *Miller,* 109 Ind. 302 is cited. We are unable to see that it sustains appellants' claim. The complaint is upon a promissory note; it attempted to anticipate the defense, which was a written release of the maker, and then attempted to plead facts to avoid the release. In the course of the opinion the court, at p. 307, say: "It is true, no doubt, as appellant's counsel insist, that where the complaint or paragraph thereof, after stating the plaintiff's cause of action, sets up an anticipated defense thereto, and then attempts to avoid or defeat such defense by the statement of alleged facts in relation thereto, if the facts thus stated are not sufficient to avoid or defeat such anticipated defense, the complaint or paragraph thereof must be held bad on demurrer thereto for the want of facts. This must be so, in the nature of things, because the anticipated defense, if not avoided, constitutes a complete bar to the cause of action stated in the complaint or paragraph thereof." The complaint before us contains no averment of any defense, nor that the makers claimed to have any defense.

The action of the trial court in sustaining appellee's demurrers to the third and sixth paragraphs of answer are next discussed. The third paragraph avers that the note in suit was signed by appellants under an agreement with the payees that it was to be signed by certain other persons named, and that those persons failed to sign it. The sixth paragraph alleges that appellants were induced to sign the note by certain false and fraudulent representations made

to them by the agent of the payees. In each it is alleged that three annual instalments of interest on the note were due and unpaid at the time of the indorsement of the note to appellee. Counsel for appellants, admitting that the note in suit was originally negotiable under the law merchant, yet claim that it was dishonored at the time of its purchase by appellees because annual instalments of interest were then due and unpaid. The argument in support of the third and fourth specifications of error is based upon this proposition. In the recent case of *Cooper* v. *Hocking Valley Nat. Bank,* 21 Ind. App. 358, 69 Am. St. 365, this court held adversely to the claim of appellants, giving the following citations: 1 Daniel Neg. Inst., §787; *National, etc., Bank* v. *Kirby,* 108 Mass. 497; *Patterson* v. *Wright,* 64 Wis. 289, 25 N. W. 10; and in addition, we cite: *Railway Co.* v. *Sprague,* 103 U. S. 756, 26 L. ed. 554; *Boss* v. *Hewitt,* 15 Wis. 285; *Cromwell* v. *County of Sac,* 96 U. S. 51, 24 L. ed. 681. To the opinion expressed in *Cooper* v. *Hocking Valley Nat. Bank, supra,* we still adhere as supported by the weight of authorities.

In discussing the action of the court in overruling appellant's motion for a new trial, counsel for appellant claim that the court erred in striking out of the deposition of Robert McLaughlin questions numbered 49, 50, 52, 54, 66, 67, 68, 69, and 70 of his cross-examination. This witness had testified in his examination in chief that as agent of his sons, McLaughlin Bros., payees of the note in suit, he assisted in negotiating the sale of the horse for which the note was given, and took the notes which appellants gave in settlement for the horse. The questions which were stricken out relate to an agreement claimed by appellants and the agent of the payees, that the notes were to be signed by some other person and were placed in the hands of such agent to be delivered to the payee upon the happening of certain conditions. In this action of the court there was no

error. *Clanin v. Esterly, etc., Co.*, 118 Ind. 372, 3 L. R. A. 863. The delivery to the agent of the paper passed title to the payees. *Murray v. Kimball Co.*, 10 Ind. App. 141.

The second reason assigned for a new trial is that the court erred in sustaining appellee's motion to strike out of the deposition of Howard C. Park questions numbered four, five, and six and the answers thereto of his cross-examination. These questions are as follows: "How many annual instalments of interest were due on the note at the time of this transfer to the plaintiff? A. There were two instalments. Q. 5. Did you understand at the time that the note was transferred to the bank that two annual instalments of interest were overdue and unpaid on the note? A. I must have noticed it since there was no indorsement of interest on the note. Q. 6. You bought the note then, with the understanding that two annual instalments of interest were due thereon? A. I bought it with the knowledge that two annual instalments were due." It appears from the examination in chief of this witness that he was cashier of the appellee; that as such cashier he purchased the note for appellee; that no other officer of the bank had anything to do with the purchase.

In *National, etc., Bank v. Kirby*, 108 Mass. 497, the court said: "The fact that a promissory note, the principal of which is payable in four years with interest annually, bears no indorsement of the receipt of either of three instalments of interest which have fallen due, does not of itself render the note subject, in the hands of a third person who then took it as collateral security, to equities existing between the original parties to it; but is a circumstance for the consideration of the jury, on the issue whether he took it in good faith and without notice of such defenses." See, also, *Parsons v. Jackson*, 99 U. S. 434, 25 L. ed. 457; 2 Daniel's Neg. Inst. 1506a. This was proper evidence to go to the jury upon the question of good faith, and the court erred in striking it out.

The third reason for a new trial is that the court erred in overruling appellants' motion to strike out of the deposition of said Park questions 21, 22, 24, 25, and 26, and the answers thereto, of the examination in chief of said witness. Said questions and answers are as follows: "Q. 21. On the 19th day of April, at the same time you say you purchased the note and afterwards in the month of May and up to the time that you said this money was all checked out of your bank and up to the maturity of this note, July 1, 1897, had you any notice or knowledge of any defense, legal or equitable, to this note? A. I had not. Q. 22. On April 19, 1897, or before that time, or on July 1, 1897, or before that time, had you any notice or knowledge that this note had been handed to any agent of McLaughlin Bros., by the makers of the note under an agreement that it should be signed by other persons before it should be delivered to Messrs. McLaughlin Bros., or before it should be an effective note? A. I had not. Q. 24. What notice or knowledge, if any, before July 1, 1897, did the plaintiff, The Merchants' and Manufacturers' National Bank, or any other officer of it, have of any defense, legal or equitable, to this note? A. Had no notice. Q. 25. Did any other officer of the bank have anything to do with the purchase of this note from McLaughlin Bros., besides yourself? A. They had not. Q. 26. Did you send this note to Greencastle, Indiana, for collection? A. Yes, and it was protested and I paid $6.67 protest fees." It is urged that these questions are leading; that each suggests the answer desired. In this view of counsel we can not concur. Question twenty-one is further objected to upon the ground that when the witness answered "I had not" to the query "had you any notice or knowledge of any defense, legal or equitable", he did not show want of knowledge of any fact. We think the answer that he had no notice of any defense was the statement of a fact. Question twenty-four is objected to upon the additional ground that it calls for the expression of an opinion

about a fact which the witness could not know to be true from personal knowledge, and which he could learn only through hearsay. This objection is well founded. The cashier could only know of the knowledge of the other officers of the bank from hearsay. This question and the answer thereto should have been stricken out.

After all the evidence had been introduced, appellee filed its written motion requesting the court to give to the jury the following instruction: "Under the evidence introduced in this cause, the plaintiff is entitled to recover of the defendants the full amount of the note in suit with interest thereon at the rate of six per centum per annum from the date of said note and your verdict should be for the plaintiff for that amount." The court gave the instruction to the jury, to which appellants duly excepted. The seventh, eighth, and ninth causes for a new trial present for review the action of the court in directing the verdict. It is claimed that the court erred in giving the instruction (1) because the motion did not specify the grounds upon which the instruction was asked; (2) courts have no authority to direct a verdict in favor of the party upon whom rests the burden of the issues; (3) there was a conflict in the evidence as to three different facts which were in issue. In support of the claim that the motion should have specified the grounds upon which the instruction was requested, appellants cite *Lewis v. Brown*, 89 Ga. 115; *Demill v. Moffat*, 45 Mich. 410, 8 N. W. 79; *Demill v. Thompson*, 45 Mich. 412, 8 N. W. 80; *Bergstrom v. Staples*, 82 Mich. 654, 46 N. W. 1035; *Tillotson v. Webber*, 96 Mich. 144, 55 N. W. 837; *Mattoon v. Fremont, etc., R. Co.*, 6 S. D. 196, 60 N. W. 740; *Tanderup v. Hansen*, 8 S. D. 375, 66 N. W. 1073.

We do not consider it necessary to consider these objections in detail. It was said in *Demill v. Moffat*, *supra:* "It must be a very clear case indeed that will justify the judge in taking the case from the jury on the evidence, and he should never do so without specifying the

particular ground or grounds which appear to him to justify it." It is the settled law in this State that it is not only the right but the duty of the trial court to direct a verdict in cases where there is an entire failure of proof as to any material facts necessary to the cause of action or defense. *Williams* v. *Resener, ante,* 132; *Faris* v. *Hoberg,* 134 Ind. 269, 39 Am. St. 261; *Gipe* v. *Cummins,* 116 Ind. 511; *Hall* v. *Durham,* 109 Ind. 434; *Carver* v. *Carver,* 97 Ind. 497; *Adams* v. *Kennedy,* 90 Ind. 318; *Wabash R. Co.* v. *Williamson,* 104 Ind. 154; *Hynds* v. *Hays,* 25 Ind. 31; *Dodge* v. *Gaylord,* 53 Ind. 365; *Steinmetz* v. *Wingate,* 42 Ind. 574; *American Ins. Co.* v. *Butler,* 70 Ind. 1.

Appellants insist that there was a conflict in the evidence on three material issues tendered by the answer. (1) The makers of the note signed it under an agreement with the payees that the note should be signed by certain other persons, who failed to sign it, and the appellee had notice of that fact at the time the note was purchased. (2) The note was procured by fraud, and appellee purchased it with notice of the fraud. (3) The note in suit was never delivered; and that the jury should have been permitted to pass upon these issues. We do not deem it necessary to consider at length these propositions. The question of the good faith of appellee was in question. In determining that question, it was proper to consider the fact that the cashier of appellee purchased the note with the knowledge that there were annual instalments of interest past due and unpaid. The instruction took from the jury the right to consider this circumstance. In this, the court erred.

Other questions discussed may not arise upon another trial, and they are not, therefore, considered. Judgment reversed, with instruction to sustain appellants' motion for a new trial.

## DISSENTING OPINION.

HENLEY, J.—I can not agree with the conclusion reached by the majority of the court in this cause. The only evidence or circumstance tending to prove notice upon the part

of the holder of the note in suit of equities existing between the original parties to this note was the fact that the note did not show that the past due interest was paid at the time the note was purchased. It is hard to understand how the non-payment of interest can be held to be notice of the dishonor of commercial paper when such non-payment itself does not amount to dishonor.

The question in a case of this kind is not a question of negligence or diligence; it is wholly a question of honesty and good faith. The whole matter is summed up in one query, viz.: Did the purchaser have notice of the equities existing between the original parties to the contract? The notice must be actual notice, or such a combination of circumstances as will create a distinct legal presumption that the purchaser was acting collusively and in bad faith, and that he must have known the facts without inquiring. *Tescher* v. *Merea*, 118 Ind. 586; *Carroll* v. *Hayward*, 124 Mass. 120; *Kellogg* v. *Curtis*, 69 Me. 212; *Hankey* v. *Downey*, 3 Ind. App. 325; *Pape* v. *Hartwig*, 23 Ind. App. 333; *Church* v. *Clapp*, 47 Mich. 257, 10 N. W. 362; *Helmer* v. *Krolick*, 36 Mich. 371.

If the fact that the note at the time of its purchase did not show upon its face that the past due interest had been paid can be considered as a circumstance tending to prove notice to the purchaser of equities existing between the original parties to the contract, it certainly can not be regarded as such a combination of circumstances as would amount to a distinct legal presumption that the purchaser was acting in bad faith and must have known the facts without inquiring. If its legal effect fell short of this, it amounted to nothing. It was the same as if no evidence had been introduced. The lower court did right in refusing to submit the cause to the jury upon such evidence. It was the duty of the court to refuse to submit the question to the jury when the legal effect of the evidence would not sustain a verdict in favor of the party producing such evidence. *Williams* v. *Resener, ante,*

132; *Faris* v. *Hoberg,* 134 Ind. 269, 39 Am. St. 261; *Gipe* v. *Cummins,* 116 Ind. 511; *Hall* v. *Durham,* 109 Ind. 434; *Adams* v. *Kennedy,* 90 Ind. 318.

It is not a question of the weight of the evidence. It fails to meet the requirements of the rule of law. It amounts to no evidence. It is like a journey commenced but not finished. The judgment ought to be affirmed.